1835.

Bank of Og-
densburgh
v.
Arnold.

---

## THE BANK OF OGDENSBURGH *vs.* ARNOLD and others.

Where, in a suit for the foreclosure of a mortgage, the whole amount is not due, if the master reports that the premises can be sold in parcels, without injury to the interests of the parties, only so much of the premises can be sold as will be sufficient to satisfy the amount then due, with costs; although the residue will be insufficient to satisfy the mortgage money which is yet to become due.

If the whole amount secured by the mortgage has become due, and the mortgaged premises are not of sufficient value to pay the debt and costs, the court, upon the filing of the bill, may, upon due notice to the defendant, appoint a receiver of the rents and profits of the premises, or otherwise secure such rents and profits for the satisfaction of the debt and costs.

But where the mortgagee has neglected to take a specific pledge of the rents and profits of the mortgaged premises for the security of his debt before it becomes due, he has no equitable right to the rents and profits in the mean time; and in case of the death of the mortgagor, his judgment creditors are entitled to a preference in payment out of such rents and profits.

The wife joining with her husband in a mortgage for the security of his debt, is, after his death, entitled to the rents and profits of her dower, or other interests in the premises, until foreclosure; and where the debt is payable by instalments, and the amount which has become due can be satisfied by a sale of one parcel only of the premises, the income of her share of the residue cannot be taken to satisfy that part of the debt which is not yet due.

IN May, 1831, Jacob Arnold and J. A. Ford borrowed of the complainants $10,000, and to secure the payment thereof gave a bond and mortgage; in which mortgage Maria S., the wife of Jacob Arnold, also joined. The interest on the bond and mortgage was to be paid semi-annually; but no part of the principal was to become due until May, 1836; and the last instalment was not payable until 1841. J. Arnold died insolvent, in March, 1834, leaving his wife surviving, and two infant children who were his only heirs at law. Previous to his death, J. Arnold gave another mortgage upon the same premises; the payment of which mortgage was guaranteed by the complainants. At the time of the death of J. Arnold, one half year's interest was due upon the complainants' mortgage; and they shortly thereafter filed their bill in this cause to foreclose that mortgage. The bill was taken as confessed, as against all the defendants, except the infant heirs of J. Arnold, who put in the usual answer by their guardian ad litem. The master reported that the mortgaged premises were worth about $12,000, and could be sold in parcels; but that much of the value of the property was in buildings, and the mortgaged premises might not, upon a sale, produce more than the amount of the debt, and if the sale was deferred until the debt became due, the security would prove insufficient. A decree was thereupon made for the sale of the property in parcels, or so much thereof as was necessary to pay the amount then due, with the costs of the suit; reserving to the complainants the right to apply for a further order of sale when another payment became due. The complainants thereupon presented a petition, stating these facts, and that Maria S. Arnold, the mother of the infant defendants, was in the receipt of the rents and profits of the premises, and had not applied the same to the payment of the interest due on the mortgage, and that she refused to let the

January 6.

complainants into the receipt of such rents and profits, to be applied on the mortgages. They therefore prayed for an order directing the sale of the whole of the mortgaged premises, or that the complainants might be let into the possession of the rents and profits, or that a receiver might be appointed. Maria S. Arnold, the widow, together with the guardian ad litem of the infant defendants, put in an answer to this petition, stating that they believed the mortgaged premises were an ample security; that the property mortgaged originally cost J. Arnold, the mortgagor, over thirty thousand dollars, and was at the time of his purchase believed to be a good investment, and worth that sum; but that owing to several failures, which had thrown a large amount of real estate into the market in the village where the mortgaged premises were situated, a sale of such premises could not now be made without a great sacrifice of the real value of the property. They also stated that the infant defendants had no means of support except the rents of the mortgaged premises, a part of which were applied for that purpose. The widow also stated that she had offered to the complainants to surrender to them all the mortgaged premises, except one house and lot, producing about $150 annually, and to allow them to take the rents and profits and apply them in satisfaction of their mortgage.

*J. Edwards,* for the complainants.

*B. Perkins,* for the widow, and the infant defendants.

THE CHANCELLOR. Previous to the revised statutes, this court, upon a bill of foreclosure, could direct the whole mortgaged premises to be sold, or a part thereof only, as should be most conducive to the ends of justice, in reference to the equitable rights of all parties; although a part only of the mortgage money had become due. But the power of the court in this respect has been somewhat restricted by the revised statutes. The 163d section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 193,) directs a reference to a mas-

ter to ascertain and report the situation of the mortgaged premises; and if it appears from his report that the premises can be sold in parcels, without injury to the interest of the parties, then so much only of the premises are to be sold as will be sufficient to pay the amount then due, with costs; and the decree is to remain as a security for any subsequent default in the payment of sums thereafter to become due. This provision of the statute appears to be imperative upon the court; and it certainly cannot be departed from, except in cases where the complainant has some equitable claim upon the rents and profits of the premises which will accrue before the mortgage debt becomes payable. In this case Mrs. Arnold joined with her husband in the mortgage; and of course her dower interest in the premises is pledged for the payment of his debt, so far as the same can be reached and applied for that purpose under a decree of foreclosure, made in conformity to the statute. Beyond that, the complainants have no equitable claim whatever against her dower interest in the premises, or against her personally. When she joined with her husband in this mortgage, payable at the expiration of ten years, she impliedly reserved to herself the right, in case of his death, to receive so much of the rents of the premises, remaining unsold from time to time, as belonged to her for her dower. And until the complainants have entitled themselves to a sale of the land pledged by her as a security for the debt of her husband, they have no lien, either at law or in equity, upon that portion of the rents and profits which belong to her.

The rights of the infant defendants depend upon a different principle. As it is alleged that their father died insolvent, they are of course liable to his creditors, in equity, for whatever comes to them by descent from him, as his heirs at law, whether in the shape of rents, or otherwise. But the mortgagees have no specific lien upon the rents of the mortgaged premises until the mortgage money becomes due, so as to entitle them to a foreclosure of the mortgage. In the mean time the mother, as guardian by nature of the infants, is entitled to receive their share of the rents and profits; (1 *R. S.*

718, § 5;) which rents and profits belong to the creditors of their father, according to the priority prescribed in the statute. And if there are any judgment creditors, they will be entitled in preference to the complainants, who are mere specialty creditors. If the whole mortgage money was now due, and the premises were not of sufficient value to pay the debt and costs, the court might consider the complainants in equity, as immediately entitled to the whole estate pledged as a security for the payment of such debt and costs; so as to authorize the appointment of a receiver of the rents and profits, in anticipation of a decree, at any time after the filing of the complainants' bill. But no such equity can arise where the debt is not yet due; and where the mortgagee has neglected to take a pledge of the rents and profits of the whole premises to keep down the accruing interest in the mean time. This decree of sale, which has been made in conformity with the directions of the statute, has already provided for the payment of what is now due; and I can see no valid reason for depriving the widow of her dower in that part of the premises which is not necessary to be sold until further payments become due. The offer made by the widow to relinquish to the complainants the rents of all the mortgaged premises, except the one house and lot, and to permit them to receive such rents and profits to keep down the accruing interest until the debt becomes due, appears to me to have been reasonble, under all the circumstances of this case; as she could not be expected to relinquish a temporary provision for the support of herself and children, which the statute had secured to her, without receiving any equivalent therefor.

Petition dismissed.