Boughton *v.* Allen.

---

## BOUGHTON *vs.* ALLEN.

Where B. and S. gave a note to A., which B. alleged was usurious; and B. and S., after the note became due, confessed a judgment on the same; and B. who was surety merely for S. afterwards filed his bill against A. alone, to set aside the judgment so far as respected him, on the ground of usury; and no reason was stated in the bill why S. was not made a party; *Held* that S., who had a joint and common interest with B. in the claim to have the judgment set aside, should have been made a co-complainant; unless some sufficient excuse was stated, in the bill, for not making him a party complainant. And if a sufficient excuse was shown, he should still have been made a party, as a defendant.

All persons having a joint and common interest in the claim set up in a bill, must be made parties thereto, either as complainants or defendants.

Where two judgment debtors have a joint and common interest in setting aside a judgment for usury, one of them cannot, by filing a bill in his own name and making the other a defendant in the suit, call the latter as a witness to establish the charge of usury.

This was an appeal, by the defendant, from a decree of the vice chancellor of the eighth circuit. In October, 1841, the complainant and D. Simmons gave to the defendant a promissory note, for $167, payable in one year, with interest; which note, as the complainant alleged in his bill, was usurious. After the note became due, Boughton and Simmons confessed a judgment, for the amount of the note and interest, before a justice of the peace; and at that time all the parties to the judgment swore that Boughton and Simmons were honestly and justly indebted to Allen, jointly, in the amount of the principal and interest of the note. Boughton, one of the defendants in the judgment, and who was in fact only a surety for Simmons, afterwards filed a bill against Allen alone; alleging that the note was usurious, and praying that the judgment might be set aside, discharged, and cancelled, so far as respected the complainant, and for a perpetual injunction restraining the defendant from enforcing the judgment against the complainant. No reason was stated, in the bill, why Simmons did not join therein as a complainant. But the defendant having by his answer denied the alleged usury, the complainant afterwards released Simmons, and examined him as a witness to prove the alleged usury in the note upon which the judgment was confessed. The vice chancellor, upon this evidence, decreed that the note and judgment were usurious and void, as against the complainant; and perpetually enjoined the defendant to desist and refrain from prosecuting or enforcing the judgment or execution in any manner, against the complainant.

*H. Humphrey*, for the appellant. David Simmons should have been made a party to the suit, because the defence set up is common to him and the complainant. Both defendants, the principal as well as the surety, are interested in having the judgment set aside. The defendant may insist that Simmons should have been made a party, for his benefit; so that he may not be obliged to litigate the same question over again with him. (*Bailey* v. *Inglee*, 2 *Paige*, 278. *Hallett* v. *Hallett*, Id. 18. *Miller* v. *McCann*, 7 *Id*. 451. *Carpenter* v. *Western*, 3 *Id*. 124.) We are not too late to take the objection of a want of parties.

Boughton *v.* Allen.

(*Hoffman's Ch. Pr.* 497, *and cases there cited.*)   But if the proper parties were before the court, the complainant is not entitled to the relief sought.   Before the act to prevent usury, passed May 15, 1837, the fixed and known rule of the court of chancery was, that " he who asks equity must do equity;" and the complainant could obtain no aid from this court in getting rid of a judgment, or recovering back what had been improperly exacted from him, until he repaid the amount which in justice and equity was due from him to the defendant.   (*Livingston* v. *Harris,* 11 *Wend.* 329.   *Campbell* v. *Morrison,* 1 *Paige,* 158. *Fanning* v. *Dunning,* 5 *John. Ch. Rep.* 122.   *Livingston* v. *Harris,* 3 *Paige,* 528.)   Before that statute, if a judgment was tainted with usury, the court would not set it aside in any case. They would open it so far only as to relieve against the usurious excess *of interest*—on payment of the amount due—not otherwise.   (*Fanning* v. *Dunning,* 5 *John. Ch. Rep.* 122.   *Campbell* v. *Morrison,* 7 *Paige,* 158.   *Bartholomew* v. *Yaw,* 9 *Id.* 165.)   No case can be found where a judgment voluntarily confessed on an over-due usurious note has been interfered with. And no judgment is ever set aside, in this court, when the party has had an opportunity to make his defence and has neglected to do so.   (*Bartholomew* v. *Yaw,* 9 *Paige,* 165.)   Boughton, the complainant, might have refused to confess judgment.   If the debtor gives a judgment when he asks for the loan, and when he is pressed for money and ready to comply with any terms to get it, such judgment will be set aside.   But when he has had the money, and knows that he has a defence and does not set it up, but gives a judgment, the judgment will not be set aside.   And this shows what is the true and safe distinction.   This judgment is not within this statute.   It was not a security whereby there was reserved, or agreed to be reserved, any sum whatever, for the loan or forbearance of money.   It was not taken in violation either of the fifth section, title 3, chap. 4, part 2 of the revised statutes, or of the first section of the act amending the same, passed May 15, 1843.   The words used do not apply to a judgment.   The case of *Fanning* v. *Dunham,* (5 *John. Ch. Rep.* 122,) and the cases there cited, show that a judgment is not

within the statute, or rather was not previous to the statute of 1830. And when the law antecedently to a revision of the statutes is settled, either by clear expressions in the statutes or by adjudications on them, the mere change of phraseology will not be deemed or construed a change of the law; unless such phraseology evidently purports an intention, by the legislature, to make a change. (*Taylor* v. *Delancy,* 2 *Caines' Cas. Err.* 143. *Case of J. V. N. Yates,* 4 *John. Rep.* 359. *Ex parte Burr,* 21 *Wend. Rep.* 316.)

*J. W. Gilbert,* for the respondent. This court will notice an objection of the want of parties, only in cases where a final decree cannot be made between the parties to the suit, without affecting the rights of other persons who are not before the court. (*Elmendorf* v. *Taylor,* 10 *Wheat.* 152. *Wallace* v. *Hinde,* 12 *Id.* 193. *Joy* v. *Winters,* 1 *Wash. C. C.* 517.) If not made by the defendant before the hearing, the objection is so far waived that if the court can make a complete decree between the parties before the court, it will do it. (*R. Owing's case,* 1 *Bland,* 292. *Nyllie* v. *Venable's ex'r.,* 4 *Munf.* 369. *Townsend* v. *Angee,* 3 *Cowen,* 354. *Robinson* v. *Smith,* 3 *Paige,* 222. *Bailey* v. *Inglee,* 2 *Id.* 278. *Halett* v. *Halett, Idem,* 15. 1 *Barbour's Ch. Pr.* 320.)

The proof shows that the promissory notes mentioned in the bill were usurious. And the judgment having been confessed for those notes, it was tainted with the original usury, and was therefore void. (*Powell* v. *Waters,* 8 *Cowen,* 692. *Comyn on Usury,* 183.) A judgment is within the words of the statute. (*Chit. on Con. ed.* 1842, *p.* 2. *Fanning* v. *Dunham,* 5 *John. Ch. Rep.* 142.)

The judgment having been obtained by confession, without suit, this court is bound to set it aside. Prior to the revised statutes, it was a familiar exercise of equitable jurisdiction, both in courts of law and of equity, to relieve against usurious judgments on terms. (*Cook* v. *Jones,* 2 *Camp.* 727. *Fanning* v. *Dunham,* 5 *John. Ch. Rep.* 141, *and cases cited.*) It was the object of the statute to give the borrower the same benefits by

application to this court, in cases where the form of the security is such as to preclude a defence at law, as he would have had by such a defence. (1 *R. S.* 761, § 8.   *Law of* 1837, § 4.   *Livingston* v. *Harris,* 13 *Wend.* 335.)   And no distinction exists between the case of a judgment given as an original security, and one taken upon a settlement. (*Taylor* v. *Bell,* 2 *Verm. Rep.* 171.   *Drew* v. *Power,* 1 *Sch. & Lef.* 195.   *Thompson* v. *Berry,* 3 *John. Ch. Rep.* 395.   *Fanning* v. *Dunham,* 5 *Id.* 122.   *West* v. *Brand et al.,* 3 *Har. & John.* 568, *a case in point.*   *Earl of Chesterfield* v. *Janssen,* 1 *Atk.* 354.)   No act of the parties can operate as a waiver or confirmation of a usurious agreement. (*Comyn on Usury,* 183.   3 *Atk.* 154.   *Fonbl. Eq. ed.* 1835, 124, *note.*   *Id.* 126, *note.*   *Murray* v. *Riggs,* 15 *John. Rep.* 571. *Morse* v. *Royal,* 12 *Ves.* 364.   *Payne* v. *Eden,* 3 *Caines,* 213.)

The rule that a party who suffers a recovery to be had against him at law, is precluded from making a defence, does not apply to this case.   To make the rule applicable, the complainant must be shown to have had an opportunity of setting up his defence in a suit at law. (*Story's Eq. Pl.* 605.   *Pattison et al.* v. *Bangs et al.,* 9 *Paige,* 627, *and cases cited.   Bartholomew* v. *Yaw, Idem,* 167.)   A voluntary judgment is only a continuation of the old contract; and the distinction between it and one *redditum in invitum* has been uniformly recognized. (*Middleton* v. *Hall, Cro. Eliz.* 588.   *Rush* v. *Graves,* 2 *Strange,* 1043.)

The proof shows that the judgment was given as security for the usurious loan, upon an agreement to extend the time of payment thereof.   It is therefore an original security and clearly void.

THE CHANCELLOR.   The bill in this case was not properly framed to obtain the relief sought by the complainant.   Simmons, who had a joint and common interest with him, in the claim to have Allen's judgment set aside, cancelled and annulled, if the allegations in the bill were true, should have been made a complainant also ; unless some sufficient excuse was stated, in the bill, for omitting to make him a complainant.   But even if

such an excuse had been stated in the bill, he should have been made a defendant.    If he was an actual party to the suit, it would not be very material, except as a question of form, whether he joined in the suit as a complainant, or was made a defendant therein ; under the usual allegation in the bill, in such cases, that he would not consent to join in the suit as a complainant.    For in neither case could he be a witness to sustain a claim to have the judgment against him and the complainant set aside, annulled and cancelled.    A decree against that claim, in a suit in which he was a party, would be a bar to any future suit to be instituted by him, or by Boughton, for similar relief.    And the object of requiring all persons having a joint and common interest with the complainant, in the relief sought, to be made parties, is that the decision, if in favor of the real defendant, shall be final ; so that he may not be compelled to litigate the same matter in several suits with parties having a joint and common interest in the claim set up by the bill.    But if a bill like the present can be sustained, and one of the parties, having a common interest with the nominal complainant, can be a witness for him to sustain the claim of such witness in the suit, the one who is now the witness, may afterwards file a similar bill, in his own name only, and may use the former complainant to prove the usury, if he is willing to testify to the same.    Any device by which such a result could be produced, especially under the provision of the revised statutes which enables the complainant to deprive his adversary of the benefit of an answer on oath responsive to the allegations in the bill, would in many cases be productive of great injustice as well as of perjury ; and it cannot be encouraged or sanctioned.    I think the bill in this case, therefore, was bad in substance ; because Simmons, who had a joint interest with the complainant in the relief sought, was not joined with him, and no excuse is shown for not making him a party, either as complainant or defendant.    (See *Bailey* v. *Inglee*, 2 *Paige's Rep.* 279 ; *Savage* v. *Todd*, 9 *Id.* 578 ; *Vilas* v. *Jones*, 10 *Id.* 78.)    The defence which was sought to be established in the case of *Miller* v. *McCan*, (7 *Paige's Rep.* 459,) was one, which was personal to the complainant only, and in which

the principal debtor had no interest; as he was liable upon the note in any event. That case, therefore, has no analogy to the one which is now under consideration.

Having arrived at the conclusion that the complainant was not entitled to relief on this bill, and that if Simmons had been a party his testimony could not have been received, to prevent a decision in favor of Allen, which would have been a bar to any future suit instituted by Simmons to set aside this judgment, it is unnecessary to examine the other questions in this case. The decree appealed from must be reversed, and the complainant's bill must be dismissed with costs; but without prejudice to the complainant's rights in any future litigation. And neither party is to recover costs against the other upon this appeal.