The Vice-Chancellor.
To entitle a mortgagee to a receiver of the mortgaged premises, pending his foreclosure, where the rents are not specifically pledged, it must appear that the premises are not of sufficient value to pay the debt with the interest and costs of suit; and that the parties personally liable for the debt are insolvent, or of such doubtful responsibility, that the remedy against them for a deficiency is uncertain and precarious. The mortgage debt must also be due, so as to entitle the complainant to a foreclosure of the premises over which he seeks the appointment of the receiver. It is supposed by the defendant that the whole mortgage debt must have become due and payable.
The decision of the chancellor in The Bank of Ogdensburgh v. Arnold, 5 Paige, 38, establishes, that when the debt is payable by instalments, and a part of the premises sufficient to pay the sum in arrear, may be sold separately, a receiver will not be appointed over the entire property mortgaged ; for the reason that the mortgagee is not, and by his foreclosure will not be, entitled to the possession, or to a sale of the whole. In that case, the money in arrear, with the costs, had been fully provided for, by a decree directing the sale of a part of the premises. The complainant’s remedy, for the time being, was exhausted. In respect of the residue of the premises, no part of his mortgage was due or in arrear.
But where the property mortgaged is indivisible, or so circumstanced, that upon a decree the whole must inevitably be sold in one parcel; the case is wholly different. The statute provides, that in such event, the whole shall be sold, unless the sum actually due, with interest and costs, be paid before the sale; so that on an instalment of the mortgage debt falling due, the mortgagee is by force of the statute, entitled to a foreclosure against the whole property, for the payment of the whole debt secured. This right gives to the mortgagee an equitable claim to the rents and profits, upon the filing of his bill, where the other circumstances concur which I first stated. I know the impression has become quite common at the bar, that besides those .circum *407 stances, the whole mortgage debt must be due and in arrear, in all cases, in order to have a receiver; and such, without reflection, has been my own opinion. I am convinced, however, that the principle on which the court proceeds, where there is no express mortgage of the rents, extends to the instance of a mortgage on lands which cannot be sold in parcels, on a portion of the debt becoming payable.
In this suit it is undeniable, that the property mortgaged must be sold entire in the event of a decree; and the objection, that only half of the principal sum secured has become payable, is not an answer to the motion for a receiver.
Nor is it denied that the mortgagor is irresponsible and insolvent.
As to the inadequacy of the premises, which is the remaining point to be established by the complainant, his petition states, that in his opinion, they are not a sufficient security for the mortgage debt and interest, and the costs of foreclosure.
On the other hand, the mortgagor who has parted with his Interest in the property, states that it cost him last year, upwards of eighteen thousand dollars, is in good repair, except a trifling Injury to the dock, and is a good security for the complainant’s mortgage, if the same be valid. S. M. Cheeseman’s affidavit concurs in respect of the present state of repair of the premises, and says that fifty dollars will put the dock in full repair.
The complainant’s version of the consideration of his mortgage, in connection with the mortgagor’s affidavit that ten thousand dollars advanced.to him by J. B. Hall was laid out on this property, show plainly that it was a year ago deemed to be worth nearly double the complainant’s debt, and no depreciation since, worthy of notice, is shown on the other side.
I cannot, on this evidence, declare that the mortgaged premises are not of sufficient value to pay the mortgage debt with the interest till the probable time of a sale and the costs of suit.
The motion for a receiver must be denied. The order staying the complainant’s proceedings will be discharged. Neither party is to have costs against the other on these proceedings.(a)

 On renewing the motion, the complainant succeeded.