FELIX V. B. KENNEDY, Receiver, etc., Respondent, *v.* GOULD H. THORP et al., Appellants.

Where a vendor, from whom goods have been obtained by fraud, instead of disaffirming the contract of sale, affirms it by bringing suit thereon and prosecuting it to judgment, neither he nor a receiver, appointed in supplementary proceedings instituted upon such judgment, can set up the fraud in the sale, for the purpose of defeating an assignment of the property made by the vendee for the benefit of creditors, although the assignment was made in furtherance of the fraud, with full notice thereof upon the part of the assignee.

A receiver appointed in such case simply stands in the place of the judgment creditor, at whose instance he was appointed, and cannot interfere with the assignment on account of frauds perpetrated by the judgment debtor upon others.

(Argued May 13, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, affirming a judgment in favor of plaintiff entered upon the decision of the court at Special Term. (Reported below, 2 Daly, 258.)

This action was brought by the plaintiff as receiver of the property of the defendant, Waterman C. Bradley, to set aside an assignment made by him to the defendant, Thorp. It appeared that Bradley, by false representations made by him to the Glen Cove Manufacturing Company as to his pecuniary ability, and separately to certain other parties, shortly prior to the 20th day of January, 1860, purchased of that company, and the other parties respectively, merchandise to a large amount, with intent to convert it to his own use, and disburse and assign the proceeds for the benefit of his creditors, and, in pursuance of that design, did, on the 20th day of January, 1860, assign the same to the defendant Thorp. The Glen Cove Manufacturing Company, instead of pursuing the goods thus fraudulently obtained, or any remedy in disaffirmance of the contract, brought their action upon it in the Court of Common Pleas of the city and county of New York against Bradley, as for goods sold and delivered, and on the 9th day of February, in the same year, recovered judgment against him for $688.89, and upon a *nulla bona* return of execution thereon instituted supplementary proceedings, in pursuance of which the plaintiff was appointed receiver of Bradley's property, and by permission of that court brought this action, and upon the facts here stated recovered judgment, declaring the assignment fraudulent and void, and ordering it set aside and vacated.

*D. M. Porter* for the appellants. If a vendor, after notice of fraud, proceeds to judgment for the price of the property sold, the title becomes absolute in the fraudulent vendee, and the vendor cannot object to the validity of the vendee's title. (Kerr on Fraud, 331 ; *Lloyd* v. *Brewster*, 4 Paige, 537 ; *Bk. of Beloit* v. *Beale*, 34 N. Y., 475 ; S. C., 7 Bosw., 611 ; *Kayser* v. *Sickel*, 34 Barb., 84 ; *Roth* v. *Palmer*, 27 id., 652 ;

*Chambers* v. *Lewis*, 2 Hilt., 591; *Goss* v. *Mather*, 2 Lans., 283; Code, § 140, notes *b* and *c*.) Plaintiff, as receiver, took no better title than Bradley had at the time of his appointment. (*Hyde* v. *Lynde*, 4 Comst., 387, 392; Edwards on Receivers, 164, 165.) The assignment must be intended to work a fraud upon the creditors. (*Wilson* v. *Forsyth*, 24 Barb., 105, 128; *Am. Ex. Bk.* v. *Webb*, 15 How., 194; 3 R. S., 5 ed., 244.)

*Wm. H. Dickinson* for the respondent. The assignment to Thorp is void, because made with fraudulent intent by the assignor. (*Work* v. *Ellis*, 50 Barb., 512; *Bostwick* v. *Menck*, 40 N. Y., 384.)

Gray, C. Kennedy, the receiver, stands in the place of the Glen Cove Manufacturing Company, at whose instance he was appointed, and for whose benefit he seeks to have the assignment from Bradley to Thorp set aside. Others from whom Bradley fraudulently purchased are not here complaining. Kennedy represents the Glen Cove Manufacturing Company alone, and for anything beyond the fraud committed upon that company he has no right to interfere. (*Bostwick* v. *Menck*, 40 N. Y., 383–388.) That company had the right to disaffirm the contract and retake the goods or sue for their wrongful conversion, not only while they were in the hands of Bradley, but the hands of any party who received them with knowledge of the fraud by which Bradley obtained possession of them, or to affirm it by suing (as they did in this case) for goods sold and delivered. " The remedies are not concurrent; and the choice between them once being made, the right to follow the other is forever gone." (*Morris* v. *Rexford*, 18 N. Y., 552, 557; *Bank of Beloit* v. *Beale*, 34 N. Y., 473, 477.) It is clear, therefore, that the company, after having affirmed the sale by pursuing its remedy upon it to judgment, as a valid contract could not if the goods had remained in Bradley's possession, have retaken them or maintained an action against him for a wrongful conversion, or against Thorp, who might

have received them with full notice of and in furtherance of the fraud. It follows, as a necessary consequence, that Kennedy, who, for all the purposes of this action (no one else complaining), stands in the place of the company, and cannot by the remedy pursued effect a result which, for the same cause, the company could not have effected had the goods or their avails remained in the hands of Bradley; or, in short, if the company could not allege fraud in the sale, Kennedy cannot, and hence the judgment appealed from should be reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.