## GOODALL, FITE & JAMES *v.* W. H. STEWART.

1. ASSIGNMENT. *Contest as to validity of. Evidence of declaration of assignor. Case in judgment.*

   J. bought a stock of goods on sixty and ninety days' time, but failed before the purchase money fell due. He assigned to one S., preferring creditors other than those from whom he bought the goods. G., one of the creditors who had sold the goods to J., attached such goods, and S., as assignee, interposed a claim thereto. The attachment was sustained and judgment rendered in favor of G. on his debt. On the trial of the claimant's issue evidence was offered by G., the plaintiff, to prove certain declarations made by J. when he bought the goods, to the effect that one of the preferred creditors, P., was then indebted to J., and that the latter expected to get money from the former to pay for such goods before maturity of his indebtedness therefor. *Held,* that such declarations were hearsay and not admissible to show that J. was not, at the time of the assignment, indebted to P.

2. SAME. *Evidence of declarations made by assignor.*

   Nor were such declarations, even if not hearsay, admissible to show fraud in the assignment. For, however strongly they may tend to show fraud by J. in contracting the debt to the plaintiff, they show nothing as to the intent with which the assignment was made.

3. SAME. *Waiver of fraud in purchase of goods. Preference of creditors.*

   The plaintiff, in the case above stated, by suing out the attachment and seeking to recover the price of the goods, after knowledge of J.'s fraud in buying them, waived his right to revoke the sale for such fraud, and thereby affirmed J.'s title to the goods. And the title to the goods being thus in J., he had the right to assign them and prefer creditors other than those from whom the goods were bought.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

The case is stated in the opinion of the court.

*J. E. Madison,* for the appellants.

The 2d, 3d, 4th and 5th assignments of error are predicated upon refusal of court to admit acts and declarations of Jeffries, the assignor, against Stewart, his assignee.

In this cause Stewart, the claimant, was a nominal party, was claiming only as assignee of Jeffries under the deed of assignment, and it was Jeffrie's fraud that was being tried.

Any acts and declarations of Jeffries were admissible against Stewart. *Craft* v. *Bloom,* 59 Miss. 69; Wait's Fraud. Cond., etc., § 319, and a long list of authorities cited.

While the evidence must ascertain and establish the assignor's intent at the time of the execution of the instrument, yet *all circumstances* either prior or subsequent to the assignment should be considered by the court and jury in arriving at the intent of the grantor. See authorities cited Wait's Fraud. Cond., § 320.

On an inquiry as to the state of mind, sentiments or disposition of a person at *a particular period,* his declarations and conversations are admissible. See several authorities cited by Wait Fraud. Con., § 206.

*Bogle & Bogle,* for the appellee.

We think the testimony offered was properly excluded, both because it was hearsay, and because it was not relevant to the issue being tried.

First. It was hearsay. Jeffries was not a party to the suit, nor was any representative of his a party. There are numerous cases holding that declarations of persons in possession of land, explanatory of their possession, or in disparagement of their title, are admissible against a subsequent vendee; and some authorities extend this doctrine to persons in possession of personal property. In *Dodge* v. *Freedman's Sav. and Trust Co.,* 93 U. S. 379, it is said, however, that this doctrine does not extend to personal property. However that may be, the testimony offered in this case does not come up to that rule; the declarations of Jeffries that were offered did not

tend to disparage his title to the property, nor were they explanatory of his possession. 1. *Greenleaf on Ev.*, Sec. 190 and 109.

They were not a part of the *res gestæ*, for they were made sometime before the execution of the assignment, not during the progress of any negotiations looking to the execution of the assignment, nor in contemplation of it. The question is, are the statements of the assignor made before the assignment, and not part of the *res gestæ*, in reference to the character of his business, admissible against the assignee? The following authorities hold they are not: *Bullis* v. *Montgomery*, 50 N. Y. 353; *Chadwick* v. *Fonner*, 69 N. Y. 404; *Paige* v. *Cagwin*, 7 Hill, 361; *Dodge* v. *Freedman's S. & T. Co.*, *supra*; *Burrill* on Ass., Section 404.

In *Bullis* v. *Montgomery*, *supra*, the facts bore a strong likeness to this case. Walters bought goods from Montgomery, and about that time made the declaration that he intended to cheat Montgomery out of them. Afterwards Walters made an assignment for the benefit of his creditors. Montgomery sought to defeat the assignment, and offered against the assignee the declaration of Walters above quoted. The court says such testimony was hearsay, and came within none of the exceptions.

Second. The testimony was irrelevant. Its tendency was to prove that the debt due plaintiff was fraudulently contracted; but it did not tend to prove the assignment was invalid. It did not tend to prove that Jeffries executed the assignment to defraud his creditors, nor that there was any reservation of a benefit to Jeffries, nor a secret trust in his favor. These are the things that avoid an assignment that is valid on its face. *Wilson* v. *Forsyth*, 24 Barb. 105; *Estes* v. *Gunter*, 122 U. S. 450; *Thompson* v. *Drake*, 32 Ala. 100.

COOPER, C. J., delivered the opinion of the Court.

One Jeffries, being largely indebted to a number of his near relatives and intimate friends, embarked in the mercantile business in the month of September. He bought a large stock of goods on credit, making his paper given therefor mature in sixty and ninety days. About one-half of the goods he converted

into money and, before the maturity of his commercial debts, he made an assignment to the appellee, Stewart, for the benefit of his creditors. By this assignment he preferred the debts due by him to his family and friends, putting them in class one, a class which was to be paid in full before any payments should be made to those in class two. In the second class were all his mercantile creditors. The value of the property assigned will not be more than sufficient to pay class one.

The appellants, creditors for goods sold to Jeffries, sued out an attachment against him and have obtained judgment in that suit. They caused the writ to be levied upon the assigned property, and the assignee interposed a claim thereto.

On the trial of this issue the plaintiffs offered to prove certain declarations made by Jeffries at the times of various purchases made by him of goods, to the various sellers of the goods to him, that R. W. Phillips (one of the preferred creditors) was largely indebted to him, Jeffries, and that he (Jeffries) expected to get the money from Phillips and discount his bills before their maturity. On objection by the claimant this testimony was excluded, on the ground as is stated by counsel, that it was mere hearsay as against the claimant. It is earnestly insisted by appellants that this evidence should have been admitted, and it is said to be competent.

1. To show the fraudulent character of the deed by evidence that one of the debts preferred was not a real debt.

2. To show a general fraudulent scheme contrived from the beginning for the purpose of procuring a large stock of goods which were to be partly converted into money and partly applied to the satisfaction of other pre-existing debts.

The evidence was properly excluded. It was not competent to prove, by the declaration of the assignor made many months before the assignment, the fact that no debt was due by him to Phillips. The existence or non-existence of the debt was a fact susceptible of independent original proof, and both Phillips and Jeffries were competent witnesses. If the effort had been to show an admission by Phillips made at the times indicated, that he was then largely indebted to Jeffries, it might well have been argued that the burden was

devolved upon him to establish the changed relation of the parties, by showing how and when the preferred indebtedness arose; but Jeffries' declaration that Phillips was indebted to him was mere hearsay when introduced for the purpose of showing that Phillips was indebted to him, and not he to Phillips at the time of the assignment.

If the declaration had related to anything done by Jeffries in reference to the assignment; if its truth, if true, or its falsity, if false, would cast any sort of light upon the intent with which the assignment was made, it would have been competent evidence as against the assignee, even though made out of his presence and before the execution of the deed. The assignee is not a purchaser *for* value, and because he is not, the fraud of the assignor, though not participated in by him, though in fact he may be ignorant of it, infects the instrument under which he holds, and renders it void as to creditors; and being void, the assignee could not retain the property as against their demands. But the declarations sought to be proved had no reference to the assignment, and however strongly they may suggest the fraud with which the debt to the plaintiff was contracted, they do not serve to show with what intent the assignment was made.

We doubt not that Jeffries fraudulently contracted the debt due to the plaintiffs and to his other commercial creditors ; but this may be true, and yet the assignment may be valid. The acquisition of the goods is one thing ; the disposition he made of them is another and distinct thing. The plaintiffs, if they were fraudulently induced to part with their goods by him, might have repudiated the sale and recovered the goods either from the purchaser or his assignee in the deed ; but in the absence of such dis-affirmance of the sale the property in the goods remained in the buyer, and being his goods he might lawfully devote them to the payment of any debt he owed. In this case the seller, after knowledge of the fraud by the purchaser, has affirmed the sale by suing to recover the price of the goods, and has thus waived the fraud. He then, having recovered judgment for the price, seeks to impute the fraud he has waived to the assignment executed by the debtor, and thus to have not only a

judgment for the price of the goods, but also a right to go against them superior to the right of other creditors who claim under the assignment. If a defrauded seller refuses to rescind a sale, the property in the thing bought is in the purchaser, and because it is he may devote it to the payment of any debt he owes. That he applies such property to the payment of others than those from whom it was bought may shock the sensibilities of right-thinking men ; but such action violates no rule of law, and is but the exercise of a legal right that arises from and inheres in ownership. *Mattison* v. *Demarest*, 4 Robertson, 161 ; *Horwitz* v. *Ellinger*, 31 Maryland, 493 ; *Pierce* v. *Jackson*, 2 R. I. 35 ; *Reinhard* v. *Bank of Kentucky*, 6 B. Monroe, 252 ; *Kennedy* v. *Thorp*, 51 N. Y. 174 ; Burrillon Assignments, 638.

*The judgment is affirmed.*