THE DONLON & MILLER MANUFACTURING 'COMPANY, Plaintiff, *v.* JOSEPH CANNELLA, Defendant.

FRANK H. MANN, as Receiver, etc., of the Rents, Issues and Profits of No. 343 Bleecker Street, Appellant.

PAUL EUGENE JONES, as Receiver, etc., of JOSEPH CANNELLA, a Judgment Debtor, Respondent. ·

*Receiver of rents in a foreclosure action — when rents should be paid to him and not to the receiver in supplementary proceedings.*

Where a mortgagee commences an action to foreclose a mortgage and procures the appointment of a receiver of the rents of the premises upon the ground of the insufficiency of the security, such receiver becomes entitled to the rents accruing during the pendency of the action.

On the 24th day of November, 1894, Paul E. Jones was appointed receiver of Joseph Cannella in proceedings supplementary to execution. On December 29, 1894, Frank Mann was appointed receiver of the rents and profits of property in an action commenced against Cannella on November 21, 1894, to foreclose a mortgage upon real property owned by Cannella. Mann qualified as receiver January 7, 1895. A tenant of the mortgaged property was indebted for the rent of the premises for the months of December, 1894, and January, · 1895, which became due January 1, 1895.

*Held*, that as the receiver in the mortgage foreclosure action was appointed to receive a particular fund upon which the mortgagee had acquired a specific lien, such rents should be paid to him, and that the receiver in supplementary proceedings took the property subject to the equitable claim of the mortgagee upon the rents and profits of the premises, to be applied in payment of the mortgage debt.

APPEAL by Frank Mann, receiver of the rents, issues and profits of No. 343 Bleecker street, Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of January, 1895, directing that Ernest Eckert be permitted and directed to pay unto Paul Eugene Jones, as receiver, etc., the sum of fifty dollars, rent due for premises No. 343· Bleecker street, Brooklyn, and restraining the said Eckert from paying the same unto any other person.

*Moffett & Kramer,* for the appellant.

*Paul Eugene Jones* and *Paul E. De Fere,* for the respondent.

DYKMAN, J. :

This was an appeal from an order made at the Special Term upon the application of Paul E. Jones, as receiver in supplementary proceedings, and the defendant, Joseph Cannella, permitting a tenant of certain real estate belonging to the defendant to pay fifty dollars rent to that receiver and restraining the tenant from paying the same to another person.

The appeal is taken by Frank Mann, a receiver appointed in the foreclosure suit to collect the rents of the mortgaged premises. There is no controversy in relation to the facts, which are these: On the 30th day of October, 1894, the plaintiff recovered judgment in the Supreme Court, Kings county, against the defendant for the sum of $378.88, upon which execution was duly issued and returned unsatisfied. On the 2d day of November, 1894, an affidavit and order for the examination of the defendant, the judgment debtor, were served and such proceedings were had thereupon, that on the 24th day of November, 1894, Paul E. Jones was appointed receiver in those proceedings and he filed his bond and qualified as such receiver.

On the 21st of November, 1894, William Eierman commenced an action against the defendant Cannella to foreclose a mortgage upon property in the city of Brooklyn. On the 29th of December, 1894, Frank Mann, the appellant, was appointed receiver of the rents and profits of that property in that action of Eierman's to foreclose the mortgage in the County Court of Kings county, and at that time the County Court was not advised that a receiver had been previously appointed in the supplementary proceedings.

Frank Mann qualified as such receiver January 7, 1895. Edward Eckert was the tenant of the defendant's property, and on the 18th day of January, 1895, being indebted for the rents of the months of December, 1894, and January, 1895, due January 1, 1895, at twenty-five dollars per month, the receiver in supplementary proceedings obtained an order to show cause why the tenant should not be permitted and directed to pay the rents to that receiver and be enjoined from paying the same over to the receiver in the foreclosure action. These rents had accrued and become due from the tenant to the defendant prior to the time when the receiver in the

foreclosure suit qualified. That application was granted, and from the order granting the same the appeal is taken.

When a mortgagee commences an action to foreclose a mortgage, and procures the appointment of a receiver of the rents of the premises upon the ground of the insufficiency of the security, such receiver becomes entitled to the rents accruing during the pendency of the action.

A mortgagee has an equitable right to have the mortgaged premises devoted to the payment of his mortgage debt, and while he cannot claim the rents and profits by virtue of his mortgage alone, yet when the court recognizes his equitable right to the rents by the appointment of the receiver to collect them, then the right attaches to have them apply in extinguishment of the mortgage, so far as such application becomes necessary. A specific lien upon such rents and profits is thus obtained by the mortgagee and he becomes entitled thereto. (*Astor* v. *Turner*, 11 Paige, 437.)

In this case it must be assumed that the mortgaged premises are insufficient security for the payment of the mortgage debt. That is implied by the order appointing the receiver.

The receiver in the mortgage case was appointed to receive a particular fund, upon which the mortgagee had acquired a specific lien, and the receiver in supplementary proceedings takes the property of the judgment debtor subject to the equitable claim of the mortgagee upon the rents and profits of the premises, to be applied in payment of the mortgage debt.

These rules show the order to be erroneous, and it should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BROWN, P. J., and PRATT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs and disbursements.