### GROVER v. McNEELY et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. MORTGAGES—FORECLOSURE—RECEIVER—NOTICE.

Where, in an action to foreclose a real estate mortgage, which was given by two tenants in common owning the property, an application is made for the appointment of a receiver of the premises, it is not necessary to serve notice of such application on a receiver appointed in supplementary proceedings of the property of one of the mortgagors, such receiver not being an adverse party within Code Civ. Proc. § 714, requiring notice to be served on the adverse party.

**2. SAME—RIGHTS OF RECEIVER.**

Where, in an action to foreclose a mortgage given by two tenants in common, a receiver of the whole property is appointed, such receiver should not be required to give up or account for one-half of the income to a receiver appointed in supplementary proceedings of the property of one of the mortgagors.

Appeal from special term, Kings county.

Action by John D. Grover against Richard A. McNeely and others. From an order denying a motion to vacate or modify an order appointing a receiver, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Daniel Underhill, Jr., for appellant A. W. Brown.
John J. Kuhn, for respondent.

JENKS, J. The action is to foreclose a mortgage upon real property. Richard and John McNeely, as owners of the equity of redemption, are defendants. Before this action was begun, Mr. Brown had been appointed receiver in proceedings supplementary to execution against Richard McNeely, and had qualified. Mr. Brumley was appointed receiver of the realty in this action pendente lite. The receiver in the supplementary proceedings moved to vacate the appointment of the receiver in the foreclosure action on the ground that he had received no notice of the motion for the appointment, or for a modification of the order so that it constitute Mr. Brumley as receiver of but one-half of the rents and profits of the mortgaged premises, or direct Mr. Brumley, as agent, to pay to the receiver in supplementary proceedings one-half of the net rents and profits collected or to be collected by him from the mortgaged premises. I think that the special term (Mr. Justice Dickey presiding) properly denied the motion. The receiver in supplementary proceedings stood in the place of the plaintiff in the action, at whose instance he was appointed. Kennedy v. Thorp, 51 N. Y. 174. In Bank v. Bussing, 147 N. Y. 670, 42 N. E. 345, the court, per Bartlett, J., say:

"It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution, and takes no such absolute title to the real estate as would enable him to sell it, when it is subject to the lien of judgments, and can be sold under execution issued thereon in the manner pointed out by the statute, and subject to all rights of redemption. The receiver's title to the estate is a qualified one in the nature of a security for the plaintiff in the judgment. It does not devest the debtor of the legal title, but the latter's conveyance of the premises would be subject to the claim of the receiver."

I am unable to distinguish the fundamental principle in the case at bar from that which underlies the decision in Manufacturing Co. v. Cannella, 89 Hun, 21, 34 N. Y. Supp. 1065. See, too, Post v. Dorr, 4 Edw. Ch. 412. I am of opinion that the order should not be vacated for failure to give to the receiver in supplementary proceedings notice of the motion, as he is not to be regarded as an adverse party within the meaning of sections 713, 714, Code Civ. Proc. His title to the realty is merely in the nature of a security

for the plaintiff in the action in which such receiver is appointed, and the debtor is not devested of the legal title. On the other hand, a receiver pendente lite of mortgaged premises is appointed when the mortgage debt is due and the premises are not of sufficient value to discharge the debt and costs, inasmuch as, under such circumstances, the court regards the mortgagee as immediately entitled to the whole estate pledged, so as to impound the rents and profits in anticipation of the decree, and therefore appoints its receiver to collect them, and to apply them in reduction of the mortgaged debt. Bank of Ogdensburgh v. Arnold, 5 Paige, 38, 41; Astor v. Turner, 11 Paige, 326, 43 Am. Dec. 766; Argall v. Pitts, 78 N. Y. 239; Wyckoff v. Scofield, 98 N. Y. 475. Thus, while it is true that the title of the receiver in supplementary proceedings is subordinate to that of the receiver pendente lite in the sense that the mortgaged premises and the rents must first discharge the mortgage debt, it is not adverse because any surplus over the mortgage debt received by the latter receiver would be applicable to the liens against the real estate. It is only adverse in the sense that it is subordinate or postponed. I think that the right of Mr. Brumley to the rents and profits of the premises was superior to and exclusive of that of Mr. Brown, for the reason that until the mortgage debt and the costs of its collection were discharged by the sale of the mortgaged premises and the rents and profits thereof, the lien of the judgment creditor, whom the receiver in supplementary proceedings represents, is not enforceable. The appointment of the receiver did not devest the judgment debtor of the legal title to the premises, and it appears that as a defendant in this action he had notice of the application for the appointment of the receiver pendente lite. Dazian v. Meyer, 66 App. Div. 575, 73 N. Y. Supp. 328, holds that, before a receiver can be appointed, it is essential that notice should be given to the owner of the property. That requirement was satisfied in this case when notice was given to the defendant McNeely.

The order should be affirmed, with $10 costs and disbursements. All concur.