JOHN D. GROVER, Respondent, *v.* RICHARD A. McNEELY and Others, Defendants, Impleaded with ALBERT W. BROWN, as Receiver of the Property of RICHARD A. McNEELY, Appellant.

*Receiver under a mortgage foreclosure — his rights are superior to those of one appointed in supplementary proceedings — the latter is not entitled to notice of the former's appointment — the title of the debtor is not divested by the latter's appointment.*

A receiver of the rents and profits of mortgaged premises appointed in an action for the foreclosure of the mortgage has a right to such rents and profits which is superior to, and exclusive of, that of a receiver of the property of the owner of the mortgaged premises appointed in proceedings supplementary to execution.

The receiver appointed in supplementary proceedings is not entitled to notice of the application for the appointment in the foreclosure action of a receiver of the rents and profits, as he is not an adverse party within the meaning of sections 713 and 714 of the Code of Civil Procedure.

The title of the receiver appointed in supplementary proceedings to the realty is merely in the nature of a security, and his appointment does not divest the judgment debtor of the legal title.

APPEAL by the defendant, Albert W. Brown, as receiver of the property of Richard A. McNeely, from an order of the Supreme Court, made at the Kings County Special Term and entered in the

office of the clerk of the county of Kings on the 13th day of February, 1902, denying said defendant's motion to vacate or modify an order theretofore entered in the action appointing a receiver of the rents and profits of the mortgaged premises described in the complaint in the action.

*Daniel Underhill, Jr.,* for the appellant.

*John J. Kuhn,* for the respondent.

JENKS, J.:

The action is to foreclose a mortgage upon real property. Richard and John McNeely, as owners of the equity of redemption, are defendants. Before this action was begun Mr. Brown had been appointed receiver in proceedings supplementary to execution against Richard McNeely and had qualified. Mr. Brumley was appointed receiver of the realty in this action *pendente lite.* The receiver in the supplementary proceedings moved to vacate the appointment of the receiver in the foreclosure action on the ground that he had received no notice of the motion for the appointment or for a modification of the order so that it constitute Mr. Brumley as receiver of but one-half of the rents and profits of the mortgaged premises, or direct Mr. Brumley, as agent, to pay to the receiver in supplementary proceedings one-half of the net rents and profits collected, or to be collected, by him from the mortgaged premises. I think that the Special Term (Mr. Justice DICKEY presiding) properly denied the motion.

The receiver in supplementary proceedings stood in the place of the plaintiff in the action at whose instance he was appointed. (*Kennedy* v. *Thorp,* 51 N. Y. 174.) In *National Bank* v. *Bussing* (147 id. 670) the court, per BARTLETT, J., say: " It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution, and takes no such absolute title to real estate as would enable him to sell it when it is subject to the lien of judgments and can be sold under executions issued thereon in the manner pointed out by statute and subject to all rights of redemption. The receiver's title to the real estate is a qualified one in the nature of a security for the plaintiff in the judgment; it does not divest the debtor of the legal title, but the latter's convey-

ance of the premises would be subject to the claim of the receiver."
I am unable to distinguish the fundamental principle in the case at
bar from that which underlies the decision in *Donlon & Miller
Mfg. Co.* v. *Cannella* (89 Hun, 21). (See, too, *Post* v. *Dorr*, 4
Edw. Ch. 412.) I am of opinion that the order should not be
vacated for failure to give to the receiver in supplementary pro-
ceedings notice of the motion, as he is not to be regarded as an
adverse party within the meaning of sections 713, 714 of the Code
of Civil Procedure. His title to the realty is merely in the nature
of a security for the plaintiff in the action in which such receiver is
appointed, and the debtor is not divested of the legal title. On the
other hand, a receiver *pendente lite* of mortgaged premises is
appointed when the mortgage debt is due and the premises are not
of sufficient value to discharge the debt and costs, inasmuch as
under such circumstances the court regards the mortgagee as imme-
diately entitled to the whole estate pledged, so as to impound the
rents and profits in anticipation of the decree, and, therefore,
appoints its receiver to collect them and to apply them in reduction
of the mortgaged debt. (*Bank of Ogdensburgh* v. *Arnold*, 5
Paige, 38, 41; *Astor* v. *Turner*, 11 id. 436; *Argall* v. *Pitts*, 78
N. Y. 239; *Wyckoff* v. *Scofield*, 98 id. 475.) Thus, while it is true
that the title of the receiver in supplementary proceedings is subor-
dinate to that of the receiver *pendente lite*, in the sense that the
mortgaged premises and the rents must first discharge the mortgage
debt, it is not adverse, because any surplus over the mortgage debt
received by the latter receiver would be applicable to the liens against
the real estate. It is only adverse in the sense that it is subordinate
or postponed. I think that the right of Mr. Brumley to the rents
and profits of the premises was superior to, and exclusive of, that of
Mr. Brown, for the reason that until the mortgage debt and the
costs of its collection were discharged by the sale of the mortgaged
premises and the rents and profits thereof, the lien of the judgment
creditor, whom the receiver in supplementary proceedings repre-
sents, is not enforcible. The appointment of the receiver did not
divest the judgment debtor of the legal title to the premises, and it
appears that as a defendant in this action he had notice of the appli-
cation for the appointment of the receiver *pendente lite*. *Dazian*

v. *Meyer* (66 App. Div. 575) holds that before a receiver can be appointed it is essential that notice should be given to the owner of the property. That requirement was satisfied in this case when notice was given to the defendant McNeely.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.