AMERICAN MORTGAGE COMPANY, Plaintiff, *v.* HENRY B. SIRE and Others, Defendants.

In the Matter of BRYAN L. KENNELLY, as Receiver, etc., Respondent; SIGMUND FEUCHTWANGER, Appellant.

*Contempt — a tenant in possession of mortgaged premises before a foreclosure, to which he is not a party — an order appointing a receiver must be served upon him, not shown to him — the proper remedy to compel him to pay rent to the receiver is by action.*

Where a person, who was in possession of mortgaged premises, as a tenant, prior to the commencement of an action to foreclose the mortgage, was not made a party to the action to foreclose the mortgage, he cannot be adjudged guilty of contempt for refusing to comply with the provisions of an order made in the foreclosure action appointing a receiver of the rents and profits of the mortgaged property *pendente lite,* unless a copy of such order is formally served upon him. The exhibition by the clerk of the receiver of a certified copy of the order to such person is insufficient.

In any event, the court in the contempt proceeding has no power, by summary order, to require such person to pay the receiver a sum of money which the receiver claims as rent of the premises, as such sum can only be collected by action.

APPEAL by Sigmund Feuchtwanger from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of January, 1905, requiring him to pay a sum of money for rent to a receiver in foreclosure proceedings, or in default thereof to be adjudged guilty of contempt.

*Edward W. S. Johnston,* for the appellant.

*W. H. Van Benschoten,* for the respondent.

INGRAHAM, J. :

In an action to foreclose a mortgage the respondent was appointed receiver of the mortgaged premises by an order of the Supreme Court, entered on the 15th day of January, 1904. That order, after appointing the receiver, provided that the receiver "is authorized and directed to demand, collect and receive from the person or persons in possession of said premises or liable therefor, of the rents now due and unpaid or hereafter to become due, or that persons in

possession of said premises be and they are hereby directed to attorn as tenant or tenants to such receiver and until a further order of this court, and pay over to such receiver said rents of said premises now due and unpaid or that may hereafter become due." The affidavit of Frederick E. Richards, a clerk of the receiver, alleges that on January 15, 1904, the clerk attended at the premises in question, and that he found appellant Feuchtwanger in possession of the street floor of the east side of the said premises, and that he "displayed then and there to the said Sigmund Feuchtwanger a certified copy of the order appointing the said Bryan L. Kennelly receiver herein, and demanded of the said Sigmund Feuchtwanger that he attorn the rents to the said Bryan L. Kennelly as receiver as aforesaid;" that he on several occasions demanded rent from the said Feuchtwanger which Feuchtwanger refused to pay, and has refused to deliver up the possession of the premises; that on the 29th day of November, 1904, the deponent again demanded of the said Feuchtwanger that he pay the rent of the premises to the receiver, to which. the said Feuchtwanger replied that he would not pay rent, and deponent then demanded that he deliver up the possession of the premises to the receiver, to which he replied that he would not deliver up the premises. The appellant, having refused either to pay rent or to deliver the possession of the premises to the receiver, the receiver obtained an order requiring the appellant to show cause why he should not pay to the receiver the rent of the demised premises at a rate to be fixed by the court during the period of the receivership, and why he should not deliver up possession of the premises occupied by him, and why he should not be punished as for contempt of court in interfering with the duties of the receiver, pursuant to the order of the court. In reply to this the appellant submitted an affidavit in which he stated that he was an attorney and counselor at law; that he occupied the premises in question under an agreement made about the month of July, 1902, which commenced August 1, 1902, and was made with the agent of the landlord prior to the making and execution of the mortgage mentioned in the complaint; that in and by said agreement it was agreed that the landlord would put the premises occupied by deponent in good condition and state of repair, and that deponent should not pay rent until the said premises were put in good condition, and when so in

good condition the deponent was to pay rent from such time, and that deponent has ever held said premises under said agreement, and the landlord has failed to perform his part of said contract; and when said repairs are made deponent is ready and willing to pay the rent according to said agreement.   The appellant further alleges that since the making of said agreement, the landlord instituted summary proceedings to remove the deponent from said premises for holding over, which said proceeding was duly tried and resulted in a final order in favor of the appellant, a copy of such proceeding and testimony being annexed to the affidavit.   The final order dismissing that proceeding was upon the ground that the tenant's term had not expired.   That proceeding seems to have been commenced on the 28th day of April, 1903, and in that proceeding the appellant testified that about August first he had a talk with a representative of the landlord; that the appellant then told this representative of the landlord that he would remain there for another year, from August 1, 1902, provided that the landlord would put the premises in a tenantable condition, which the landlord promised and agreed to do; that the appellant told the landlord that he would not pay any further rent until that was done; that the landlord said that that would be done and that the appellant need not pay him rent until that was done; and that this was an oral hiring for one year.   The appellant having directly sworn in these proceedings that he was under a hiring for one year, from August, 1902, he now presents an affidavit that the agreement was that the landlord should put the premises occupied by the appellant in good condition and state of repair, that the appellant should not pay rent until the premises were put in good condition, and when so in good condition the appellant was to pay rent from such time; that the appellant could show that his term does not expire until August 1, 1905, and that appellant's contention is now made that he is not liable to pay any rent under the agreement under which the premises are held by him.

It is difficult to see how the appellant can reconcile these two statements, one of which alleges that the term was until August 1, 1903, and the other that it was until August 1, 1904, to both of which he appears to have sworn.   The appellant, however, was undoubtedly in possession of these premises prior to the commence-

ment of this action. He was not a party to this action. No copy of the order appointing the receiver was formally served upon him. The clerk of the receiver testified that he exhibited a certified copy of the order to the appellant, but there is no pretense that it was formally served upon him. Without such formal service of the order upon the appellant, I do not see how the court can by order adjudge him in contempt for refusing to comply with its provisions. Nor was the court authorized by order to require the appellant to pay to the receiver a sum of money which the receiver claims as rent of the premises. That sum of money could only be collected in an action against the appellant, and not by a summary order requiring him to pay. I do not see, therefore, how upon this proof this order can be sustained. The appellant cannot be punished for contempt for interfering with the possession of the receiver, because he claims under a contract made before the mortgage in suit was executed, and not being a party to the action, he is not bound by orders or proceedings therein.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.