NEW WAY BUILDING CO., INC., Plaintiff, *v.* MORTIMER TAFT BUILDING CORPORATION and Others, Defendants. (Actions Nos. 1 and 2.)

Supreme Court, Kings County, March 24, 1927.

**Mortgages — foreclosure — receiver may compel tenant to pay reasonable rent.**

In an action to foreclose a mortgage, in which a tenant, who is a party to the action, has been served with the summons and complaint, and is in default, a receiver of the rents and profits may compel said tenant to pay the reasonable rental of the premises from the date of the appointment of the receiver.

The receiver is not the receiver of the owner, but of the property; he represents the rights of the mortgagee under the mortgage, and not those of the owner.

However, the receiver's motion should not be granted in this case since the tenant raises an issue by asserting that he never was the tenant.

MOTION by receiver in foreclosure proceedings to compel tenant to pay the reasonable rental of the premises for the period since the appointment of the receiver.

*Louis N. Jaffe*, for the receiver.

*H. Francis Dyruff*, for Nicholas F. Dyruff, alleged tenant.

CROPSEY, J. In this action to foreclose a mortgage a receiver of the rents was appointed. He moved to compel one of the tenants to pay the reasonable rental of the premises occupied for the period since the appointment of the receiver. The tenant is a party to the action, has been served with the summons and complaint, and is in default. The complaint alleges that the defendant's interest, if any, is subordinate to the mortgage in question. The tenant claims that no order fixing the amount of the reasonable rental may be made and that the receiver's sole remedy is either to dispossess or sue for the rental value. Perhaps a hasty reading of some of the cases might indicate that such was the rule, but I think it is not.

An owner of property is entitled to the rents until there is a default under the mortgage. Then the mortgagee has an equitable claim to the rents that are unpaid. (*Rider* v. *Bagley*, 84 N. Y. 461, 465; *Hollenbeck* v. *Donnell*, 94 id. 342, 347; *Rutherfurd Realty Co.* v. *Cook*, 198 id. 29, 34.) When a receiver of the rents has been appointed in a foreclosure action, he does not stand in the shoes of the owner; he has greater rights — those of the mortgagee under the mortgage. (*Derby* v. *Brandt*, 99 App. Div. 257; *Home Life Insurance Company* v. *O'Sullivan*, 151 id. 535, 537.) Such a receiver has the right not only to rents that become due after his appointment but also to those that accrued prior thereto and which had not been paid. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; *Wyckoff* v. *Scofield*, 98 N. Y. 475, 477; *Donlon & Miller Manufacturing Co.* v. *Cannella*, 89 Hun, 21; *Grover* v. *McNeely*, 72 App. Div. 575; *Wiggins* v. *Freeman*, 174 id. 304.) The tenant's possession being subordinate to the mortgage, he necessarily holds subject to all the rights of the mortgagee after default. And the receiver may compel a tenant to pay the reasonable rental, although the latter had previously paid rent to the owner, if such payment was in advance and before the rent became due, provided the receiver was appointed before it accrued. (*Fletcher* v. *McKeon*, 71 App. Div. 278; *Home Life Insurance Company* v. *O'Sullivan*, *supra*.) And the liability of the tenant is not fixed by the terms of his letting. As his rights are subordinate to those of the mortgagee, he is, after the appointment of the receiver, liable for the " occupation rental." (*Derby* v. *Brandt*, *supra; Olive* v. *Levy*, 201 id. 262.)

*American Mortgage Company* v. *Sire* (103 App. Div. 396) is not in conflict with the foregoing. There the tenant was not a party to the action and he claimed under a contract made prior to the mortgage in suit. Of course his rights were not subordinate to those of the mortgagee. If the lease in *Guerrier* v. *Coleman* (135 App. Div. 46) was subordinate to the mortgage, as the date of the lease would seem to indicate (the date of the making of the mortgage not appearing in the opinion), the holding would be at variance with the cases above cited; otherwise it would not be. But the statement in the opinion there (p. 48), that the receiver " stands in the landlord's shoes and has the same remedies in case of non-payment of rent that the landlord himself would have had but for the appointment of the receiver," seems clearly to be incorrect. The receiver is not the receiver of the owner but of the property; he represents the rights of the mortgagee under the mortgage and not those of the owner.

It follows that the receiver's motion should be granted but

for the fact that the tenant raises an issue by asserting that he never was the tenant. The court will take proof on this question; the affiants to be produced for cross-examination and either party may submit other testimony on this point; the hearing to be held at Special Term, Part II, on March 28, 1927, at two P. M.