SARAH B. THOMAS and Others, Plaintiffs, *v.* ROGER Q. MANNING and Others, Defendants.

Supreme Court, Westchester County, May 12, 1932.

*Henry Hetkin* [*Alfred H. Hetkin* of counsel], for the receiver.

*Raphael Link*, for the assignee of rents.

WITSCHIEF, J. The tenant refuses to pay any one until it is determined who is entitled to the rent which is owing.

The receiver is entitled to all rents unpaid at the date of his appointment. (*Rider* v. *Vrooman*, 12 Hun, 299; *New Way Bldg. Co., Inc.*, v. *Taft Bldg. Corp.*, 129 Misc. 170; *Palmieri* v. *N. Y. Prep. School*, 232 App. Div. 848.)

The mortgagor on or about October 1, 1931, assigned all due and future rents to the defendant Conlin Coal & Building Supply Co., Inc., which spent money in the improvement of the property upon the strength of the assignment of rents.

The position of the defendant Conlin Coal & Building Supply Co., Inc., is strong equitably but weak legally.

The assignment to it of the rents was necessarily subordinate to the rights of the mortgagee under the mortgage.

Even liens obtained by judicial process are subordinate to the rights of a mortgagee. (*Donlon & Miller Mfg. Co.* v. *Cannella*, 89 Hun, 21.)

And it has been held in this Department that an assignee of future rents has no precedence over a receiver's right thereto. (*Wiggins* v. *Freeman*, 174 App. Div. 304.)

It follows that the motion must be granted.