THE PEOPLE OF THE STATE OF NEW YORK, BY FRANKLIN H. DEWEY AND GEORGE E. EDINGER, AS LOAN COMMISSIONERS, ETC., RESPONDENTS, *v.* GEORGE K. BURDICK AND ABIGAIL BURDICK, APPELLANTS.

*Writ of assistance — not issued to put in possession a purchaser at a sale under a foreclosure by the United States loan commissioners — Code of Civil Procedure, sec. 2232.*

Section 2232 of the Code of Civil Procedure, authorizing proceedings to recover the possession of land against "a person who holds over and continues in possession of real property, after notice to quit the same has been given as prescribed in section 2236;" does not apply to a mortgage foreclosure by advertisement, conducted by the commissioners for loaning certain moneys of the United States, pursuant to section 5 of chapter 150 of the Laws of 1837, where the mortgage contains no "power to the mortgagee, or any other person, to sell the mortgaged property upon default being made in a condition of the mortgage."

Such a proceeding is not covered by the provisions of subdivision 2 of section 2232 of the Code of Civil Procedure.

*Semble,* that, under the provisions of such statute (chap. 150 of 1837) immediately upon the default of the mortgagor, the mortgage becomes foreclosed by operation of law, and nothing remains in the mortgagor but a special privilege of redemption.

APPEAL from a final order, judgment and decree, entered, in the above entitled action by direction of the county judge of Onondaga county, in the office of the clerk of said county on the 9th day of January, 1888, whereby it was ordered, adjudged and decreed that the plaintiffs have immediate possession of the premises referred to in said order, and that a warrant be issued to the sheriff of Onondaga county to remove the defendants therefrom.

On the 17th of March, 1879, the defendants executed their certain mortgage, covering real estate therein described, to "the commissioners for loaning certain money of the United States, of the county of Onondaga," for the consideration of $1,000, interest payable annually, and the principal sum in 1884. A proceeding for the foreclosure of the mortgage by advertisement was had and the land was bid off by C. E. Billington, as loan commissioner. Notice of foreclosure was given "pursuant to an act authorizing the loan of certain moneys belonging to the United States, passed April 4, 1837." The notice was dated November 1, 1882, the sale was to take place the first Tuesday in February, 1883. A notice to quit was served. A petition, signed by Franklin H. Dewey and George Edinger, was prepared and verified on the 25th of November, 1885, and presented to the county judge of Onondaga county, who, on the 26th of January, 1886, issued an order to show cause, returnable on the 29th day of January, 1886, before him. The proceedings were adjourned to the 20th of February, 1886, when the defendant stated certain objections to the proceedings which were overruled. An answer was filed denying the allegations of the complaint, except that the parties were officers as averred, and setting up that the mortgage was void by reason of an alteration thereof. Evidence was given tending to show that the figures "68," designating a lot number of the premises, were changed to the figures "78." It appeared that the premises were in the town of Clay, and that the metes and bounds covered premises located in lot 78 in said town. On the 9th day of January, 1888, the county judge granted an order wherein it was "adjudged and decreed that said petitioners, and their successors in office, are entitled to the immediate possession of said premises, and that said defendants have no title thereto or right of possession therein, and that a warrant may be issued to the sheriff of the county of Onondaga forthwith commanding him to remove the defendants and all persons from said premises, and to put the said petitioners and their successors in office, as loan commissioners aforesaid, in possession thereof, and plaintiffs are awarded ten dollars and seventy-five cents as costs of this special proceeding." The defendants appealed from the order and judgment.

*Waters & McLennan*, for the appellants.

*B. N. Bailey* and *William Nottingham*, for the respondents.

HARDIN, P. J.:

In the petition it is averred that Dewey and Edinger " were duly elected loan commissioners in and for the said county of Onondaga, and duly qualified and entered upon their duties as such officers." They assumed to make the petition " as loan commissioners in and for the county of Onondaga." After describing the premises by metes and bounds, the petition avers in respect thereto, in respect to said premises, viz.: " Being the same premises conveyed to the commissioners of said fund for Onondaga county by said mortgage."

Section 5 of chapter 150 of the Laws of 1837 (1 R. S. [7th ed.], 511), provides as follows: " The commissioners of the several counties to be appointed in pursuance of this act shall, respectively, be known and distinguished by the name and style of ' the commissioners for loaning certain moneys of the United States of the county,' of which they are respectively commissioners, and they shall be named and dscribed by such name and style in all legal and other proceedings which may be had under the provisions of this act." From the quotations we have already made from the petition it is obvious that the petitioners were not " named and described by such name and style," as the statute from which we have just quoted requires. The petition was irregular in stating that the commissioners were duly elected, whereas section 2 of the act already referred to provides that the governor shall nominate, and with the consent of the senate, shall appoint two reputable inhabitants, etc.

By chapter 337 of the Laws of 1850 " loan commissioners for the several counties in this State of the loans of 1792 and 1808 are abolished." (See title of the act, 1 R. S. [7th ed.], 529, and section 6 id., page 531 ; *Thompson* v. *The Commissioners*, 79 N. Y., 55.)

Section 2232 of the Code of Civil Procedure extends the summary proceedings for the recovery of land to four enumerated cases, and allows such proceedings to be instituted and conducted against " a person who holds over and continues in possession of real property after notice to quit the same has been given, as prescribed in section 2236." The respondent seeks to uphold the proceedings in question, and insists that the county judge had jurisdiction in virtue of

subdivision 2 of section 2232. That subdivision is as follows: "2. Where the property has been duly sold, upon the foreclosure, by proceedings taken as prescribed in title 9 of this chapter, of a mortgage executed by him, or a person under whom he claims, and the title under the foreclosure has been duly perfected." Title 9 of the Code of Civil Procedure relates to " proceedings to foreclose a mortgage by advertisement," and section 2387, which is found in title 9, prescribes what mortgages may be foreclosed by advertisement. The section contains the following: "A mortgage upon real property, situated within the State, containing *therein a power* to the mortgagee, or any other person, to sell the mortgaged property, upon default being made in a condition of the mortgage, may be foreclosed in the manner prescribed in this title, where the following requisites concur : (1.) Default has been made in a condition of the mortgage, whereby the power to sell has become operative. * * * (3.) The mortgage has been recorded in the proper book for recording mortgages, in the county wherein the property is situated."

The mortgage which was given by the defendants was substantially in the form prescribed by section 56 of the act of 1837, chapter 150. (1 R. S. [7th ed.], 523.) The mortgage contains no " power to the mortgagee, or any other person, to sell the mortgaged property upon default being made in a condition of the mortgage." Under such a mortgage as was given by the defendants, after default for twenty-three days in the payment of money due thereon, " all title and interest of the mortgagor in the land is gone." " The whole title to it vests in the commissioners. But as the State wants no more than its debt and interest, the mortgagor is relieved from the forfeiture he has incurred, if he will, before the actual sale, come forward and pay it with the expenses. (*Pell* v. *Ulmar*, 18 N. Y., 146.) By the mortgagor's default the mortgage became foreclosed by operation of law, " and nothing remained in the mortgagor but a special privilege of redemption." (Citing 4 Abb. Ct. of App. Dec., 588; *Pell* v. *Ulmar, supra.*)

Inasmuch as the petition and proof before the county judge did not show that the property in question had been sold upon a foreclosure authorized by the provisions of title 9 of the Code of Civil Procedure, there was a failure to show facts conferring jurisdiction

upon the county judge to conduct the summary proceedings. (See *People on Relation of Sheridan* v. *Andrews*, 52 N. Y., 445.) It seems that the authority to sell premises covered by a mortgage, like the one in question, rests upon the statute rather than a power of sale contained in the instrument. It seems that section 2409 of the Code of Civil Procedure was adopted to exclude from the operation of the other sections of title 9 the foreclosure of mortgages given like the one before us.

In *Sherwood* v. *Reade* (7 Hill, 433) it was said the authority to sell, as conferred by this statute, is special in its nature, and must be strictly pursued or the sale will be invalid.

Judgment and order reversed, with costs.

MERWIN and MARTIN, JJ., concurred.

Judgment and order reversed, with costs.