HARRY COWDREY, as Agent of SARAH C. SAVAGE, Respondent, v. LAWRENCE A. TURNER, Appellant, Impleaded with Another.

*Summary proceedings, by a purchaser under a statutory foreclosure — contents of the petition — filing of affidavits of sale, etc.*

A petition in summary proceedings, instituted by the purchaser at a sale under a mortgage, foreclosed by advertisement pursuant to the statute, must allege the existence of a power of sale contained in the mortgage foreclosed, and that the mortgage had been recorded in the county where the property was situated.

Summary proceedings cannot be instituted by the purchaser under a sale by foreclosure under the statute until the affidavits of sale, of publication and of service of the notice have been filed and recorded.

APPEAL by the defendant, Lawrence A. Turner, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of September, 1894, and also from an order of the County Court of Kings county, made on the 27th day of July, 1894, and entered in the office of the clerk of the county of Kings, which affirmed a final order made by a justice of the peace of the city of Brooklyn.

*John T. Barnard,* for the appellant.

*F. H. Cowdrey,* for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the County Court of Kings county affirming a final order of a justice of the peace in summary proceedings to recover the possession of land.

The respondent is the agent of one Sarah Chauncey Savage. She was the mortgagee of the premises the subject of these proceedings. That mortgage was foreclosed by advertisement under the statute. Thereupon, under subdivision 2, section 2232, Code Civil Procedure, her agent instituted these proceedings to recover possession of the mortgaged premises from the appellant, who is in possession under the mortgagor.

We think that there are two fatal defects in these proceedings. The petition presented to the justice of the peace was insufficient. It simply stated that Sarah Savage purchased the premises upon a foreclosure of the mortgage by proceedings taken as prescribed in title 9, chapter 17 of the Code of Civil Procedure. Mortgages can be foreclosed under the statute only where they contain a power of sale, and when they have been recorded in the county where the property is situated. These requirements are jurisdictional and should have been averred in the petition. (*State ex rel. Dewey et al. v. Burdick et ux.,* 5 N. Y. Supp. 363.)

The second objection to the plaintiff's recovery is that it appeared on the hearing that she had not filed and recorded the affidavits of

sale, of publishing and of service of notice as prescribed by sections 2396–2398. Under the Revised Statutes and before the Code it was held that where the mortgagee or his assignee purchased it was necessary that the affidavits of sale and publication should be recorded before the title of the purchaser became complete, such affidavits acting as a substitute for the deed which it was impossible for the mortgagee to execute to himself. (*Arnot* v. *McClure*, 4 Den. 41; *Bryn* v. *Butts*, 27 Barb. 503.)

We do not understand the authority of *Arnot* v. *McClure* in this respect to have been overruled by subsequent decisions. In *Tuthill* v. *Tracy* (31 N. Y. 157) it was held that a sale pursuant to the statute bars the equity of redemption without affidavits being made; but it was also held that until the affidavits are made and filed the title of the purchaser was merely equitable. In *Mowry* v. *Sanborn* (68 N. Y. 153) the case of *Arnot* v. *McClure* is reviewed. It was there held that common-law proof of the service of the notice of sale could be admitted to supply a defect in an affidavit of service on file. But that decision proceeded on the ground that affidavits of service of notice of sale were not required by the statute, as it then stood, to be filed or recorded.

The question would now seem to be put at rest by the provisions of the Code. Section 2400 provides: "The purchaser of the mortgaged premises, upon a sale conducted as prescribed in this title, obtains title thereto, against all persons bound by the sale, without the execution of a conveyance. Except where he is the person authorized to execute the power of sale, such a purchaser also obtains title in like manner, upon payment of the purchase money and compliance with the other terms of sale, if any, without the filing and recording of the affidavits, as prescribed in the last section but one. But he is not bound to pay the purchase money until the affidavits specified in that section, with respect to the property purchased by him, are filed or delivered, or tendered to him for filing."

This enactment, that a purchaser other than the donee of the power acquires title without the filing and recording of the affidavits, is equivalent to a declaration that the donee of the power, when the purchaser, must file and record the affidavits to complete his title. That this was the intention of the codifier is plain from the notes of Mr. Throop to this section and section 2396.

The judgment of the County Court and of the justice of the peace should be reversed, with costs and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment of County Court and justice of the peace reversed, with costs.