HEADLEY M. GREENE, Respondent, v. ELIZABETH GEIGER, Appellant.

*Summary proceedings against a tenant of mortgaged premises — it is confined to foreclosure by advertisement — remedy where the foreclosure is by action.*

The remedy by summary proceedings for the removal of a tenant in possession of mortgaged premises is, under subdivision 2 of section 2232 of the Code of Civil Procedure, confined to foreclosures by advertisement under title 9 of chapter 17 of that act (§§ 2387–2409).

The remedy of a purchaser at a sale under a judgment in a foreclosure by action is in such a case by an application for an order in the nature of a writ of assistance.

APPEAL by the defendant, Elizabeth Geiger, from a final order of the Municipal Court of the city of New York, in summary proceedings to recover possession of real property.

*Richard Cohn*, for the appellant.

*Headley M. Greene*, for the respondent.

CULLEN, J.:

This proceeding was instituted by the purchaser at a sale on a judgment in a foreclosure action, to remove a tenant in possession of the mortgaged premises who had been made a party to the action. These proceedings are statutory in derogation of the common law, and there is no jurisdiction to entertain them except in the cases provided by statute. (*Benjamin* v. *Benjamin*, 5 N. Y. 383.) Whatever may have been the case under the act of 1874 (Chap. 208, amdg. subd. 4, § 28, art. 2, title 10, chap. 8, part 3 of the Revised Statutes), now, by the express terms of subdivision 2 of section 2232 of the Code of Civil Procedure, the remedy of summary proceedings is confined to foreclosures under title 9, chapter 17 of that Code (§§ 2387–2409), which relates only to foreclosures by advertisement. On this ground it was held in *State ex rel. Dewey* v. *Burdick* (5 N. Y. Supp. 363) that summary proceedings would not lie on a foreclosure of a mortgage made to the loan commissioners. The respondent's remedy is by application in the foreclosure suit for an order in the nature of a writ of assistance. (Code Civ. Proc. § 1675.)

The final order should be reversed, with costs.

All concurred.

Final order of the Municipal Court reversed, with costs.