GREENE v. GEIGER.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

MORTGAGE—FORECLOSURE—SUMMARY PROCEEDINGS.

    Since Code Civ. Proc. § 2232, subd. 2, expressly confines summary proceedings to recover possession of real property sold under foreclosure to foreclosures named in Id. tit. 9, c. 17, which relates only to foreclosures by advertisement, such proceedings cannot be maintained by a purchaser at a sale under a judgment of foreclosure against the mortgagor's tenant continuing in possession, who was a party to the foreclosure.

Appeal from municipal court.

Summary proceeding by Headley M. Greene against Elizabeth Geiger to recover possession of real property purchased by plaintiff at foreclosure sale. From a final order for recovery of possession, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Richard Cohn, for appellant.

Headley M. Greene, in pro. per.

CULLEN, J. This proceeding was instituted by the purchaser at a sale on a judgment in a foreclosure action to remove a tenant in possession of the mortgaged premises, who had been made a party to the action. These proceedings are statutory, in derogation of the common law, and there is no jurisdiction to entertain them except in the cases provided by statute. Benjamin v. Benjamin, 5 N. Y. 383. Whatever may have been the case under the act of 1874 (chapter 208), now, by the express terms of subdivision 2 of section 2232 of the Code of Civil Procedure, the remedy of summary proceedings is confined to foreclosures under title 9, c. 17, of that Code, which relates only to foreclosures by advertisement. On this ground it was held in People v. Burdick (Sup.) 5 N. Y. Supp. 363, that summary proceedings would not lie on a foreclosure of a mortgage made to the loan commissioners. The respondent's remedy is by application in the foreclosure suit for an order in the nature of a writ of assistance. Code, § 1675.

The final order should be reversed, with costs. All concur.