(99 App. Div. 257)

### DERBY v. BRANDT et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

**1. MORTGAGES—FORECLOSURE—RECEIVERS—LIABILITY OF LESSEE.**

A tenant under a lease subsequent to a mortgage, authorizing appointment of a receiver to collect rents in an action to foreclose, is liable to the receiver for the value of the occupation after the receiver's appointment, though, as against the landlord, the tenant has an offset. ·

Appeal from Special Term, New York County.

Action by H. Gallaher Derby against Louis Brandt and others to foreclose a mortgage. From an order compelling the St. Paul Hotel Company to surrender possession of the mortgaged premises or pay an occupation rental to the receiver appointed in the action, said company appeals. Affirmed.

This action was brought to foreclose a mortgage upon property on the southeast corner of Sixtieth street and Columbus avenue, a portion whereof is occupied by the St. Paul Hotel Company for the purposes of a hotel. Upon motion, a receiver was appointed of the rents, issues, and profits. The St. Paul Hotel Company holds by assignment a lease of a part of the premises, which lease was made and delivered after the execution and record of the mortgage in suit. After his appointment the receiver demanded from the hotel company rent of the premises, and, upon its refusal, obtained an order to show cause why the hotel company should not attorn and pay to him rent for the value of the use and occupation of the premises. The hotel company refused to pay upon the ground that, in and by the lease or agreement between it and the landlords, the latter were obligated to furnish and supply certain things needed in the rooms, and agreed that the building should be completely furnished for hotel purposes not later than January 1, 1904; that the landlords failed to comply with the terms of the agreement in the lease, and that by reason thereof the hotel company was unable to rent the rooms, and was damaged in the sum of $20,000. These damages the hotel company insisted it had a right to offset against the landlords and against the receiver, and refused to pay to either the rent reserved under the lease, or any rental for the occupation of the property. Upon the return of the order to show cause, the court at Special Term granted the receiver's motion compelling the hotel

company to surrender possession, unless, before a day fixed, it paid to the receiver an occupation rental of said premises at the rate of $2,500 per month from the day it received notice from the receiver of his appointment. From this order the hotel company appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Albert I. Sire, for appellant.

Joseph Fettretch, for respondent.

O'BRIEN, J. It is not contended that the amount fixed as occupation rental was excessive, but the question upon this appeal is whether the hotel company, claiming an offset against the landlords, could thus defeat the receiver's application to compel the company to pay him an occupation rental.

The answer to this question necessarily turns upon another, which is at the foundation of the various contentions, and that is as to whether the receiver stands in the shoes of the landlord, having no other or greater rights as against the tenant. This, in view of our decision in Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817, we regard as no longer an open question. A receiver appointed at the instance of a mortgagee under a mortgage executed and recorded prior to a lease stands in a very different position to the tenant from that held by the landlord. A tenant under a subsequent lease takes with notice of all the rights which the mortgagee has under the mortgage. So, here, the hotel company entered upon the lease and took possession subject to the mortgage, and assumed the risk and danger to be incurred from an enforcement of the remedies which the law accords to a mortgagee. Therefore, as correctly urged by the respondent, whatever the relations of the St. Paul Hotel Company to its landlord may be, or whatever answer it may have to the landlord's claim for rent, in any event, the one occupying real property subject to a mortgage under foreclosure, in an action wherein a receiver has been appointed, must answer to such receiver for rent which may be due or which may accrue after such receiver's appointment; or if the occupant claims to have a defense to the landlord's claim for rent as such, then the occupant must pay to the receiver, as custodian of property which is security for a mortgage—and to safeguard such security—a reasonable amount for the use and occupation of such mortgaged premises (called "occupation rental") during the pendency of the action. Here, upon the appointment of the receiver under a mortgage recorded prior to the lease, the tenant, claiming that the landlord had not completed the building or furnished it for the purposes contemplated by the lease, and upon this ground insisting that no rent was due, could elect to follow one of two courses: He could surrender possession of the premises, and thus avoid the payment of any rent; or he could remain—which is what was done in the present case—in possession of the premises, but in this latter event he would be bound to pay rental to the receiver equal to the reasonable value of the use and occupation of the premises. Whatever claim he may have

for damages against the landlord is not relevant nor germane to the present action, which is one brought by a mortgagee to enforce his mortgage, executed and recorded prior to the appellant's lease. In all this there is no violation of the principle of law, which the appellant invokes, that the courts will not attempt, upon affidavits, to define and settle rights of litigants, or to render what would be practically a final judgment upon the issues involved in the suit. The plaintiff is proceeding to enforce a legal and equitable right, and as part of his remedy, where the security is inadequate and the terms of the mortgage permit it, he is entitled, during the pendency of the action, to receive either the rent or the occupation value of the premises upon which his mortgage is a lien; and the rights which the tenant under his lease may have against the landlord are necessarily subordinate to the rights and remedies which the plaintiff has under his mortgage. In other words, the infirmities attaching to the landlord's claim against the tenant for rent, if any, do not affect the receiver's right to recover for use and occupation of the mortgaged premises on behalf of the mortgagee and in aid of his security.

We think the order made was right and should be affirmed, with costs. All concur.