parties, the giving of·the promissory note by the debtor is not to be deemed an extinguishment of the original debt.   30 Cyc. p. 1195, and cases cited.   See, also, Feldman v. Beier, 78 N. Y. 293, 296. ·

[3] From the circumstances proved, we think that the jury might well have found that the note was not given as payment, and that it was secured by the assignment of the mortgage and the sum of $750 which the landlord retained.   If the jury found that such was the fact, then the right of the plaintiff's assignor to the $750 did not accrue until December 8, 1906, when the note was paid, and this action, having been commenced within six years from that date, was not barred by the statute of limitations.   If the jury found that the note was given as payment, then the plaintiff's right to the sum deposited accrued at that time, and the present action is barred. These were questions which the jury should have been permitted to determine, and it was error for the court below to resolve them adversely to the plaintiff and dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.

---

HOME LIFE INS. CO. v. O'SULLIVAN et al.

KALLMAN v. SISIA.

(Supreme Court, Appellate Division, Second Department.   June 14, 1912.)

1. MORTGAGES (§ 434*)—ACTIONS TO FORECLOSE—PARTIES.

In an action to foreclose a mortgage on land in the possession of a tenant of the mortgagor, the tenant is not a necessary party, and failure to make her a party merely operates to ratify the lease under which she is in possession.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1272–1287; Dec. Dig. § 434.*]

2. MORTGAGES (§ 199*)—ACTIONS TO FORECLOSE—RECEIVERS—RECOVERY OF RENT.

Where land is leased subject to a mortgage, and the lessee deposits an amount equal to one month's rent as security for performance of the covenants of the lease, under a stipulation that such sum is to be applied in payment of the last month's rent, if the covenants have been performed by the lessee, where action has been commenced to foreclose the mortgage, and a receiver has taken possession, while the tenant remains in possession as a holdover tenant, the receiver is entitled to recover of the tenant the rent for the last month for which she remains in possession; the tenant's remedy for the.deposit made as security being against the mortgagor landlord.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

Appeal from Kings County Court.

Action by the Home Life Insurance Company against Minnie E. O'Sullivan and others to foreclose a mortgage.   From an order denying an application for an order compelling Madalena Sisia to turn over the sum of $180 rents, Minnie R. Kallman, as receiver, appeals. Reversed, and motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Henry Hetkin, of Brooklyn, for appellant.

Leroy W. Ross, of Brooklyn, for respondent.

WOODWARD, J.   This action was brought to foreclose a mortgage made by Mary A. McKenna and others to the plaintiff for the sum of $2,500, on the 18th day of December, 1896, and duly recorded in Kings county on the 19th day of December of the same year.   On the 3d day of March, 1909, Madalena Sisia entered into a lease with Mary A. McKenna, individually and as life tenant under the last will and testament of James McKenna, deceased, for a period of two years, at a yearly rental of $2,160, payable in monthly installments of $180, and upon the execution of said lease she claims to have deposited with the landlord the sum of $180, under a provision of the lease which acknowledges the receipt of that sum—

"deposited by the tenant as security for the faithful performance by the tenant of the covenants and conditions herein, and the landlord agrees to apply said sum in payment of the rent for the last month of the tenancy, provided the tenant shall faithfully perform the covenants and conditions on her part to be performed."

Subsequently Mary A. McKenna died, and the lease was renewed and ratified by her heirs at law, under the same terms and conditions, and Madalena Sisia was in possession down to the 1st day of March, 1912, as a holdover tenant.   On the 5th of January, 1912, the plaintiff moved for the appointment of a receiver of the rents of the mortgaged premises, and the appellant, Minnie R. Kallman, was appointed and duly qualified.   On taking possession, appellant found Madalena Sisia in possession under the above-mentioned lease.   The tenant was notified of the appointment of the appellant as receiver, and the latter demanded the rent collected by Sisia for the month of January.   This was refused, whereupon the appellant secured an order to show cause why Sisia should not pay over the rent to her as receiver, and upon the return day Sisia appeared by counsel and opposed the motion, but was ordered to pay over the same.   No appeal was taken from this order.   When the appellant demanded the February rents, she was met by a like refusal, and upon the return of an order to show cause the learned County Court refused to compel the payment.   The objections raised in behalf of Sisa were (1) that she was not made a party defendant in this foreclosure action; (2) that she was relieved from paying said rent by reason of the provision of the lease above mentioned, it being contended that February was the last month of her leasehold possession, and that the sum had already been paid.

[1] The lease under consideration provided that it was "understood and agreed that the rights of the lessee under this lease are subject and subordinate to all existing mortgages, and to an additional mortgage to be hereafter executed in a sum not to exceed $3,000"; and we are unable to discover any reason why Sisia should have been made a party to the foreclosure proceeding, so long as it was not

the purpose of the foreclosure action to dispossess her. Failure to make her a party to the foreclosure merely operated to ratify the lease under which she was in possession; but it in no wise relieved her of the obligation of paying the rent to the person legally entitled to the same, and no question is here presented as to the regularity of the appointment of the appellant. The foreclosure did not affect any right of Sisia. It was of no importance to her whether she paid rent to the appellant or to the landlord, so long as its payment operated to discharge the obligation of her lease contract.

[2] This mortgage, made, executed, and delivered in 1896, gave the mortgagee the equitable right in a proper case to a receiver of the rents and profits upon the commencement of the foreclosure action (Hollenbeck v. Donnell, 94 N. Y. 342; Rutherfurd Realty Co. v. Cook, 198 N. Y. 29, 34, 90 N. E. 1112), and the lease to Sisia, being made subject to the existing mortgages, was, of course, subject to the right of the mortgagee to demand the rent for the term, and the question of whether Sisia had performed all of the covenants on her part to be performed could not be determined at the 1st of February; for the term did not end until the 1st day of March, at which time she was to deliver the premises in as good condition as when she came into possession, subject only to the action of the elements. But, passing over the point that it could not be determined whether the covenants had been fully performed, it is enough that a receiver appointed at the instance of a mortgagee, under a mortgage executed and recorded prior to a lease, stands in a very different position to the tenant from that held by the landlord. A tenant under a subsequent lease takes with notice of all the rights which the mortgagee has under the mortgage. Derby v. Brandt, 99 App. Div. 257, 90 N. Y. Supp. 980. He is bound to know that if the security is deemed inadequate, and the mortgagee seeks equitable relief, he is entitled to a receivership. Therefore, whatever may be the relations between Sisia and her landlord, as between herself and the receiver, she is, as the occupier of real property subject to a mortgage under foreclosure in an action wherein a receiver has been appointed, bound to answer to such receiver for rent which may be due or which may accrue after such receiver's appointment. In making her advance payment, as recited in the lease, she took the chances of a foreclosure, and of the appointment of a receiver of the rents and profits, and she has no right to attempt to withhold from the plaintiff the full measure of his security. The plaintiff is enforcing a legal and equitable right which belonged to him long prior to the lease in question; and as part of his remedy, where the security is inadequate and the terms of the mortgage permit it, he is entitled during the pendency of the action to receive either the rent or the occupation value of the premises upon which his mortgage is a lien; and the rights which the tenant under his lease may have against the landlord are necessarily subordinate to the rights and remedies which the plaintiff has under his mortgage. Derby v. Brandt, supra.

There is here no question of dispossessing the tenant. The question is as to the rights of a mortgagee upon the foreclosure of his

mortgage, made and recorded prior to the lease, and we have no doubt that the plaintiff has the right to have the rents and profits delivered to its receiver, and that Sisia's remedy is against her landlord for any relief to which she may be entitled. Otherwise, the plaintiff will be deprived of that measure of security which the law gave in the mortgage now in process of foreclosure.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.