RAYMOND J. MILLIGAN, Respondent, v. MARY L. GABBETT and JOHN GABBETT, her husband, appellants.

(County Court, Onondaga County, September, 1917.)

Judicial sales — real property — summary proceedings — landlord and tenant — Code Civ. Pro. § 2232.

A purchaser of real property at a judicial sale who finds others in possession cannot, except in the particular cases provided for by section 2232 of the Code of Civil Procedure, without further proof assume that they are his tenants, and cannot by service of a thirty days' notice have the benefit of summary proceedings which are applicable only where the conventional relation of landlord and tenant is shown to exist by agreement.

APPEAL by defendants from a final order of the Municipal Court of the city of Syracuse in summary proceedings.

William M. Peckham, for appellants.

M. E. Driscoll, for respondent.

COBB, J. The plaintiff's case was made by the introduction of certain documents and papers without oral testimony. From these it appeared that in 1908

legal title to the property in question was vested in the defendant Mary L. Gabbett. In May of that year she conveyed the same to one Mary Clune. Record title remained in Mary Clune until her death in 1915. Thereafter pursuant to proceedings in Surrogate's Court the property was sold for the payment of debts and expenses of administration, petitioner becoming the purchaser. The petition in the proceeding in Surrogate's Court alleged that defendant Mary L. Gabbett was the tenant of the propery. The defendant signed an instrument which recited that she as tenant waived the issuance and service of a citation and consented to the sale of the property. No direction was made pursuant to section 2717 of the Code of Civil Procedure for the sale of the right or interest of the defendant.

The administrator's deed was delivered to petitioner November 27, 1916. There was no proof of the tenancy of the defendants beyond the proceeding in Surrogate's Court and the above described waiver by defendant Mary L. Gabbett. There was no proof of any agreement between petitioner and either of the defendants as to the possession of the property; no proof that the tenancy, if one existed, was to terminate May 1, 1917, as alleged; in fact, no evidence beyond the waiver referred to that either of the defendants ever had been tenants. Assuming that they were, there was no evidence as to how the tenancy arose, whether it was for life, for years, at will or by sufferance; whether it arose by agreement, implication or operation of law; indeed, no evidence beyond the fact that the petitioner held the title and defendants had possession of the premises or some part thereof.

The defendants, although claiming equitable ownership of the property, offered no evidence. The peti-

tioner contends that the proceeding in Surrogate's Court was not merely a sale of the interest of the decedent in the property, but that it absolutely divested Mary L. Gabbett of all her right and interest in the premises as lessee or otherwise.

In my opinion, the waiver by defendant Mary L. Gabbett and her consent to the sale did not operate to divest her of her estate. If a tenant for life or for years, the court could have directed that her interest be sold, in which case her share of the proceeds of the sale would have been protected. Code Civ. Pro. § 2717, as amd. by Laws of 1914, chap. 443; Code Civ. Pro. § 1568. Since this was not done, I think it cannot be said that her rights as tenant were extinguished by the sale.

But assuming that petitioner is correct in his position that the sale cut off defendant's interest as effectually as a sale under judgment of foreclosure I do not think a case was made for her removal. As stated by Judge Cullen in the case of *Greene* v. *Geiger,* 46 App. Div. 210: " These proceedings are statutory in derogation of the common law, and there is no jurisdiction to entertain them except in the cases provided by statute."

It seems to be settled that a summary proceeding under section 2231 of the Code of Civil Procedure cannot be maintained unless the conventional relation of landlord and tenant is shown to exist between the parties to the proceeding. *People ex rel Ainslee* v. *Howlett,* 76 N. Y. 574; *Reich* v. *Cochran,* 151 id. 122, 127; *Eells* v. *Morse,* 208 id. 103, 106; *Drake* v. *Cunningham,* 127 App. Div. 79. The relation must be created by agreement and not by operation of law. *Benjamin* v. *Benjamin,* 5 N. Y. 385; *Preston* v. *Hawley,* 101 id. 586; *People ex rel. Mitchell* v. *Simpson,* 28 id. 55; *Commonwealth Mortgage Co.* v. *De Waltoff,* 62 Misc. Rep. 724.

If the sale to petitioner pursuant to the decree of the Surrogate's Court cut off absolutely the rights of those in possession of the property, do they by continuing in possession become the tenants of the purchaser at the sale? Can it be said that without an act being done or a word passing between the parties the conventional relation of landlard and tenant comes into existence and that by agreement of the parties and not by operation of law? It seems to me that these questions must be answered in the negative. Indeed, the final order which recites the facts and adjudicates the rights of the parties with considerable detail, nowhere suggests that the relation of landlord and tenant — the basis of such a proceeding — existed between the parties. The question is really whether a person buying property at a judicial sale and finding others in possession can, without any further proof, assume that they are his tenants, and upon serving a thirty days' notice have the benefit of this statutory proceeding applicable only to certain definite conventional tenancies when established by agreement.

Section 2231 of the Code of Civil Procedure provides for the removal of a tenant by his landlord. Section 2232 authorizes the removal by summary proceedings of a person holding over and continuing in possession of real property, his assigns, tenants or legal representatives after a sale under foreclosure by advertisement, or after execution sale.

The purchaser at a judicial sale, except in the particular cases provided for in the above section, cannot avail himself of this remedy. It was, therefore, incumbent on petitioner to show not only his purchase of the property with defendants in possession but also to prove that further allegations of his petition to the effect that subsequently to the sale the relation of landlord and tenant arose by agreement between the par-

ties, followed by a failure to pay the stipulated rent or the termination of the tenancy.

In *Greene* v. *Geiger, supra,* the purchaser at a sale under judgment in a foreclosure action sought by summary proceedings to remove a tenant in possession of the mortgaged premises, who had been made a party to the action and who held over after the sale. The court, Judge Cullen writing the opinion, held that the remedy by summary proceedings was not available, since the foreclosure was not by advertisement.

If, as claimed, the relation of landlord and tenant between petitioner and Mary L. Gabbett came into existence subsequently to the sale to petitioner, there was no proof of that fact; nor does the record contain any evidence from which it can be inferred that defendant John Gabbett was ever a tenant either of petitioner or his predecessors in title.

However unsatisfactory it may be to decide a case upon a technical record where the merits are not entered upon by either party I am constrained to hold that petitioner has not shown himself entitled to the remedy sought.

The final order appealed from is therefore reversed and a new trial granted in Municipal Court, with costs to appellant to abide the event.

Final order reversed and new trial granted, with costs to appellants to abide event.