JOSEPH F. CURREN, as Receiver, Landlord, *v.* ELEANOR J. GILLAM, Tenant.

(Municipal Court of the City of New York, Borough of Brooklyn, Fourth District, March, 1919.)

Summary proceedings — receiver cannot dispossess mortgagor for non-payment of rent.

> A receiver *pendente lite* of mortgaged premises cannot dispossess the mortgagor by summary proceedings for non-payment of rent.

SUMMARY PROCEEDINGS to dispossess for non-payment of rent.

Thomas J. Snee, for receiver.

James Parkes, for mortgagor.

BOGENSHUTZ, J.   Summary proceedings are brought under the statute (Code Civ. Pro. chap. 17, tit. 2, § 2231, subd. 2; Id. § 2235) to dispossess for non-payment of rent.

The petitioner, as receiver *pendente lite,* seeks to dispossess the owner of the equity of redemption of the mortgaged premises because of her failure to pay fifty dollars a month rent designated and demanded by him as receiver, as being the reasonable value of the owner's use and occupation during the pendency of the foreclosure action.

As the proof warrants a finding that Eleanor J. Gillam, the mother of the owner, is only her repre-

sentative and caretaker and not a tenant, no right to dispossess her has been established.

This presents the material and somewhat novel issue of this controversy.

In substance, it appears that upon the petitioner's appointment and qualification as receiver he called upon the owner's representative at the premises and, after presentation of the order of his appointment, demanded that the owner thereafter pay fifty dollars a month for a continuation of her occupancy. Upon her refusal to pay for a period of three months, and without any other order of the court to guide him, the petitioner has brought these proceedings. He contends that the situation entitles him to maintain these proceedings, while the tenant asserts no such power exists: *First,* because there is no relation of landlord and tenant; and *second,* because there was no authorization by a special order of the court that appointed him.

I find that the petitioner's contention is not supported by the authorities. In order to maintain such proceedings for non-payment of rent the conventional relation of landlord and tenant must exist. *Benjamin* v. *Benjamin,* 5 N. Y. 385; *Preston* v. *Hawley,* 139 id. 296; *Colyer* v. *Colyer,* 113 id. 442; *Milligan* v. *Gabbett,* 101 Misc. Rep. 253; *Home Life Ins. Co.* v. *O'Sullivan,* 151 App. Div. 535.

Such relation may exist between the receiver and tenants under the owner, or through leases made by the receiver. *Home Life Ins. Co.* v. *O'Sullivan, supra;* General Rules of Practice, rule 77.

While a mortgagee, for the protection of the mortgage indebtedness, may in a proper case have a receiver appointed to collect the rents and profits (Code Civ. Pro. §§ 713, 714; *Hollenbeck* v. *Donnell,* 94 N. Y. 342; *Derby* v. *Brandt,* 99 App. Div. 257),

nevertheless neither the mortgagee nor the receiver acquires any title to the property; the right of the latter being measured by the right of possession (*pendente lite*) as against the mortgagor and all claiming under him. .*Trimm* v. *Marsh,* 54 N. Y. 599; *Keeney* v. *Home Ins. Co.,* 71 id. 396; *Stokes* v. *Hoffman House,* 167 id. 554, 559, 560.

In other words, a mortgagee having no legal estate in the mortgaged premises cannot eject the mortgagor from possession except by consent of the mortgagor, or after foreclosure. Code Civ. Pro. § 1498; *Barson* v. *Mulligan,* 191 N. Y. 306. So, also, a mortgagee cannot dispossess a mortgagor under the statute of " summary proceedings " (Code Civ. Pro. §§ 2231, 2235; *Evertson* v. *Sutton,* 5 Wend. 281; *Roach* v. *Casine,* 9 id. 227), except in cases of foreclosure by advertisement. Code Civ. Pro. § 2232; *Greene* v. *Geiger,* 46 App. Div. 210; *Fletcher* v. *McKeon,* 71 id. 278.

However, as an incident of the appointment of a receiver, he is vested with general powers to sue for and collect the debts, demands and rents belonging to the mortgagor. General Rules of Practice, rule 77. And when necessary rent out the subject matter of his charge in whole or in part during the pendency of the foreclosure action, but not to exceed one year, and may compel tenants to attorn and pay rents to him (rule 77, *supra*); and, as the representative of the owner's estate and entitled to possession, may main-tain summary proceedings against the tenants for non-payment. Code Civ. Pro. § 2235; *Matter of Renwick,* 1 Month. L. Bul. 19.

Outside of the rights stated, I cannot find any authority that invests a receiver of rents and profits with power to act in respect to the property or of the occupants except upon some special order of the

court. *Decker* v. *Gardner,* 124 N. Y. 334; *American Mortg. Co.* v. *Sire,* 103 App. Div. 396; *Derby* v. *Brandt, supra.*

No doubt a receiver may, in a proper case, apply to the court which appointed him for a special order to compel a mortgagor occupying the mortgaged premises, *pendente lite,* to pay a proper rental sum for his continuation therein, or to relinquish and surrender possession, in order to prevent waste or otherwise safeguard the fund that is to discharge the mortgage indebtedness. *Gunning* v. *Bowers,* 1 Month. L. Bul. 19; *Mutual Life Ins. Co.* v. *Spicer,* 12 Hun, 117; *Citizens S. Bank* v. *Wilder,* 11 App. Div. 63; *Public Bank* v. *London,* 159 id. 484. In other words, the right of a receiver to compel the mortgagor either to pay a reasonable sum for use and occupation, or surrender possession during the pendency of the foreclosure action, does not arise from any inherent power that attends in the order of appointment. He cannot deal with his charge as he sees fit or arbitrarily compel the owner of the equity of redemption to accept an obligation against his will or without an opportunity to be heard thereon. On the contrary his rights in such respect can only arise from some special power vested in him by an order of the court which appointed him, coupled with its inherent power to enforce compliance with its mandate. *Foster* v. *Townshend,* 68 N. Y. 203, 206.

I fail to find, nor has my attention been called to any authority that allows such receiver to dispossess a mortgagor by summary proceedings (Code Civ. Pro. chap. 17, tit. 2) for non-payment of rent. Proceedings must be dismissed.

**Proceeedings dismissed.**