THEODORE M. GIBBONS, JR., as Receiver of the Rents, Issues and Profits of the Premises 19 Clinton Street, Borough of Manhattan, City of New York, Appellant, *v.* WILLIAM WASSERMAN and Another, Copartners, Doing Business under the Firm Name and Style of WASSERMAN BROS., Respondents.

Supreme Court, Appellate Term, First Department, June 27, 1930.

*Bennett E. Siegelstein*, for the appellant.

*Oscar Fensterheim*, for the respondents.

PER CURIAM. The plaintiff, appointed receiver in a suit to foreclose a mortgage, brought this action in the Municipal Court against the defendants, parties to the foreclosure action, to recover for use and occupation of part of the mortgaged premises in possession of the defendants under a lease subsequent to the mortgage.

A chancery, or as it is sometimes called common-law, receiver acquires no title but merely the right of possession as an officer of the court (*Stokes* v. *Hoffman House*, 167 N. Y. 554), and the plaintiff as such receiver was not, in the face of the existing lease, vested with any right of action against the defendant for use and occupation. The order appointing the plaintiff receiver, while it authorized and directed him to collect the rents, to make leases for terms not exceeding one year, and to maintain summary proceedings to recover possession, and directed the tenants to attorn and pay all rents due and unpaid and thereafter to become due, does not authorize the receiver to ignore defendants' lease and bring an action for use and occupation against them.

Whether the case is one wherein a tenant should be required to pay an occupation rental during the pendency of the action rests in the discretion of the court of equity, not in the sanction by any other subordinate tribunal of the receiver's repudiation of a lease. (*Derby* v. *Brandt*, 99 App. Div. 257; *Fletcher* v. *McKeon*, 71 id. 278; *Stokes* v. *Hoffman House, supra.*)

Judgment affirmed, with twenty-five dollars costs, with leave to plaintiff to appeal to the Appellate Division.

BIJUR and PETERS, JJ., concur.

CALLAHAN, J. (dissenting). The mortgage under which the plaintiff was appointed appears to be prior to the lease under which

defendants claim. The defendants are parties to the foreclosure action. In *Derby* v. *Brandt* (99 App. Div. 257) the Appellate Division of this department held under similar circumstances that the tenant must answer to the receiver for rent or if tenant claimed a defense against liability under the lease, that the receiver might collect the reasonable value for the use and occupation. In this department applications by receivers for mandatory orders directing tenants in possession to pay rent under these circumstances are disapproved as the only purpose of such orders would be to lay the foundation for contempt proceedings. (*American Mtge. Co.* v. *Sire*, 103 App. Div. 396; *Greenwich Savings Bank* v. *Silverman*, 153 id. 883.) It necessarily follows that the proper remedy is for the receiver to sue at law.

The judgment should be reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.