TITLE GUARANTEE AND TRUST COMPANY, Plaintiff, *v.* FELDON REALTY CORPORATION and Others, Defendants.

Supreme Court, Bronx County, October 19, 1933.

*Clarence B. Plantz,* for the plaintiff.

*Isidore Lowenbraun,* for the defendant

*John J. Ryan,* for the receiver.

HAMMER, J. The owner in possession of one of the apartments in her real property under foreclosure has failed or refused to pay occupational rent, or the value of use and occupation, fixed by order of this court, entered June 18, 1933. The order fixed the amount of thirty-eight dollars, payable monthly in advance from June 1, 1933, and directed the owner to pay said sum within five days or vacate the premises within that time, and further ordered the sheriff of Bronx county, upon proof by affidavit of failure to pay or remove, and upon payment of the statutory fees, to remove the owner and belongings from the apartment and put the receiver in possession. The defendant owner admits she has not paid the rent, stating as the reason that she is unfortunate in not having sufficient money with which to pay; that she has no earning power and no income or moneys, and cannot pay. The defendant also asserts that she has a legal right to stay in the house until the entry of judgment and the actual sale of the premises, and bases this contention upon the decision at Special Term in *Holmes* v. *Gravenhorst* (N. Y. L. J. Mar. 11, 1933). Unfortunately, defendant has not taken the trouble to ascertain that the decision was reversed in *Holmes* v. *Gravenhorst* (238 App. Div. 313).* This motion seeks, by order to show cause, that the defendant be adjudged in contempt and providing such punishment as will be just and proper. It appears that the sheriff of Bronx county was served with a certified copy of the order and the statutory fees, and requested to remove the owner in accordance with the original order made herein, and the sheriff has requested that the receiver proceed by contempt, there being a legal question as to title still being vested in the defendant.

* Revd., 263 N. Y. 148.

The owner of the fee may not be divested of same except by judgment and its execution, which in an action to foreclose is by actual sale. There are, however, many decisions of this State, and of others with mortgage laws similar to our own, holding that such owner in possession of real property may be removed summarily in a proper case at the instance of a receiver *pendente lite*, and the latter put in possession of the premises. Ordinarily, the legal right to the rents and to possession continues in the mortgagor until foreclosure and actual sale. Upon default in the mortgage, the mortgagee immediately becomes entitled to foreclosure and a sale of the mortgaged premises. Since this requires time, the court, in the exercise of equitable power, may make the judgment relate back to the time of the commencement of the action, and for the security of the mortgage debt appoint a receiver of the rents and properties. (*Bank of Ogdensburg* v. *Arnold*, 5 Paige, 38, 40, and a long line of cases down to and cited in the opinion of the Appellate Division in *Holmes* v. *Gravenhorst, supra.*) Instances of waste or acts by the owner in possession, detrimental to the property and impairing the security thereof and of the debt, have been held to give rise upon broad equitable principles to the removal of the property from the possession of the owner and the delivery of same into the possession of a receiver, to be preserved until the termination of the litigation. (*Hollenbeck* v. *Donnell*, 94 N. Y. 342, and cases cited; *Citizens' Savings Bank* v. *Wilder*, 11 App. Div. 63.) In the latter case, which reversed the court below and directed the owner in possession to deliver possession to the receiver, it was stated: " Upon the receiver's appointment and qualification he became entitled to the possession of the mortgaged property, and no reason appears in the record before us why an order for possession was denied him." *Schreiber* v. *Carey* (48 Wis. 208), citing many authorities in that as well as other States, in a well-reasoned opinion, upholds the power of a court of equity in a proper case to remove the owner from possession and deliver possession to the receiver. The rights which a tenant in· possession obtains from an owner under an agreement with the latter, in the absence of fraud, entitles the tenant who fulfills the terms of such agreement to remain in possession, protected in such rights until terminated by a sale under a judgment of foreclosure. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 289; *Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 id. 1; *Prudence Co.* v. *160 West 73rd St. Corp.*, 260 id. 205.) The rights of the owner of the title are paramount and equally entitled to protection. If the tenant does not pay the agreed rental, or in absence thereof the occupational rental fixed by the court, he may, when directed

to attorn, and after default, be sued for the rent or be evicted by summary proceedings. (*Fletcher* v. *McKeon*, 71 App. Div. 278; *Derby* v. *Brandt*, 99 id. 257; *Home Life Ins. Co.* v. *O'Sullivan*, 151 id. 535; *Olive* v. *Levy*, 201 id. 262; *Long* v. *Wachsman*, N. Y. L. J. Dec. 30, 1931, p. 1659.)

The owner in possession may not be evicted by summary proceedings at the instance of the receiver, for the reason that the owner is not a tenant, and the relationship or status of landlord and tenant does not exist. (*Curren* v. *Gillam*, 106 Misc. 652, and cases cited therein.)

An " adjudication of the rights of the parties and a sale thereunder precedes the divesting of any rights incident to ownership or the vesting of such rights in the mortgagee. In no event is the owner deprived of any rights or the mortgagee accorded rights beyond the stipulations of the mortgage." (*Prudence Co.* v. *166 West 73rd St. Corp., supra,* 212.)

Until the lien of the mortgage is foreclosed by judgment and the actual sale thereunder, the mortgagee has no paramount title which would justify divesting the owner of his title. Originally, a mortgage was a grant on condition, becoming absolute on default. In New York the legal title remains in the mortgagor, and the mortgagee is a lienor with no estate in land. The mortgagee has no right to sue for ejectment. Neither the mortgagee nor the receiver has any *legal* right to an action for the possession of the property. The general current of authority is, however, in favor of the exercise of equitable power in a proper case to take the property out of the owner's possession and place same in the possession of the receiver.

It would seem then that the real question to be decided is whether the facts presented warrant the exercise of such equitable power. It was shown upon the application for the appointment of the receiver that one of the stipulations of the mortgage was that in any action to foreclose said mortgage the mortgagee should be entitled without notice and without regard to the adequacy of the security to the appointment of a receiver of the rents and profits of the mortgaged premises and that in the event of any default in the payment of said principal or interest such rents and profits were by said mortgage assigned to the mortgagee as further security for payment of said indebtedness. It was also shown that the rents and profits at the time of the application were not being applied by the owner to the payment of the principal or interest of the mortgage and the premises were not being kept in proper condition and there was danger that the rents

and profits would not be used for the payment of the expenses and upkeep of the premises. The owner here, on June 18, 1933, after being heard by the court, was by order directed to pay thirty-eight dollars occupational rent, or the value of the use and occupation, from June 1, 1933, to the receiver, within five days, or to vacate said premises; and the order directed the sheriff, upon proof of failure, to remove her. No appeal has been taken, and the amount of thirty-eight dollars has become due for the months of June, July, August, September and October, and no part has been paid. The action of the defendant owner in not taking any appeal, although duly served with the order with notice of entry, and the continuance by her in possession, would seem to amount to a stipulation by her with the court and its receiver that she would pay the rental. Her failure or refusal to do so, if it does not amount to a contempt, certainly requires that she be removed from possession of the property, and that same be delivered into the possession of the receiver. A tenant in possession, upon non-payment, would, in ordinary course of procedure, only be evicted by summary proceedings, or sued for a money judgment, and an owner should not be in a worse position. It seems to me that sufficient cause is not shown here for the drastic remedy of an adjudication in contempt for such non-payment. No relief is sought by way of a direction that judgment be docketed for the amount unpaid and that execution issue thereon. My opinion is that equity requires that an order issue to the sheriff requiring the removal of the owner from possession of the property and the delivery of same to the receiver.

Motion granted to the extent indicated, with ten dollars costs. Settle order.