CARLIN TRADING CORP., Respondent, *v.* RUBY R. BENNETT, Formerly Known as RUBY RAY, Appellant, et al., Defendants.

First Department, November 4, 1965.

*Demarest J. Hahn* of counsel (*Hahn & Hahn,* attorneys), for appellant.

*Isaac Anolic* for respondent.

*Per Curiam.* Defendant is the owner and mortgagor of a dwelling in which she resides. The action is to foreclose the mortgage. In the course of the action a receiver was appointed who applied to the court for an order fixing the reasonable rent. An order fixing the rent at $150 per month was made pursuant to that application and the defendant directed to pay it. She did not and Special Term has granted an order directing the Sheriff to evict her.

The issue presented is a very narrow one. A receiver, even though authorized to fix and collect rents, may not interfere with the possession of the mortgagor unless the mortgage in specific language gives him a right to do so (*Holmes* v. *Gravenhorst,* 263 N. Y. 148). The question here is whether the mortgage gives him such a right. The mortgage contains a clause that in the event of default the mortgagor will pay the mortgagee or a receiver the fair and reasonable rental value of the premises occupied by her. This is also the extent of the prior order in this case and a similarly existing order in the *Holmes* case (*supra*). We do not believe that a provision in the mortgage, any more than a similar outstanding order, that allows a receiver to collect rent from a mortgagor in possession of a residence, allows him to obtain possession of the premises by eviction. There is a marked distinction between the right to collect rent and the right to obtain possession, and the yielding of one does not imply the cession of the other.

We have considered the dictum in *Alexander* v. *Kelly* (169 Misc. 521) and do not consider it persuasive.

The order should be reversed and the motion denied, with costs.

EAGER, J. (dissenting). I would affirm the order herein which directs the Sheriff, on nonpayment of rent, to remove and evict the owner from the mortgaged premises. Heretofore, and by order of the court rendered on August 4, 1964, a receiver of the rents and profits of the mortgaged premises was duly appointed and has duly qualified. This order directed that the defendant owner attorn to the receiver and pay to him, as receiver, the sum of $150 per month for her use and occupancy of that portion of the premises occupied by her. This order was not appealed from and became "Law of the Case". (See 1 Carmody-Wait, New York Practice [2d ed.], §§ 2:64, 2:67; *Smith* v. *Goldsborough*, 236 N. Y. 340; *Bannon* v. *Bannon*, 270 N. Y. 484; Manley, "'Law of the Case' as a Pitfall", 34 Cornell L. Q. 397 [1949].) In any event, the order was specifically authorized by the terms of the mortgage, signed by the owner, which expressly provided that "The mortgagor will pay monthly in advance to the mortgagee or to any Receiver appointed to collect said rents, issue and profits, the fair and reasonable rental value for use and occupation of said premises or of such part as may be in possession of mortgagor."

Upon the failure of the owner to pay rent to the receiver as agreed upon in the mortgage and as directed by the prior order of the court, it was proper for the court to render an order in this action requiring her removal from possession of the property and the delivery of the same to the receiver. (See *Title Guar. & Trust Co.* v. *Feldon Realty Corp.*, 149 Misc. 206, 210.)

The decision of *Holmes* v. *Gravenhorst* (263 N. Y. 148) is distinguishable. In that case the mortgage merely contained a general provision entitling the mortgagee, in any action to foreclose the mortgage, " to the appointment of a receiver of the rents and profits of said premises " (p. 150). The mortgage there did not expressly provide, as it did here, that the mortgagor would pay rent to the receiver for his use and occupation of the premises. Here we have a case where the mortgagor himself was " obligated to pay " rent to the receiver and possession may properly be given to the receiver " incidental to the purpose for which the receiver is appointed, namely, the collection of the rents and profits " (p. 153).

Concededly, a mortgagor may validly agree to the appointment of a receiver in an action to foreclose a mortgage, and,

furthermore, his express agreement to pay rent to such a receiver is valid and enforcible. Such agreement constitutes an effective modification of the general right of the mortgagor to retain possession of the mortgaged premises until final judgment in the foreclosure action. By virtue of such modification, the right of the mortgagor to retain possession becomes subject to his expressly assumed obligation to pay rent to the receiver.

The determination of the majority has the effect of frustrating the right of the mortgagee to the enforcement of the express provisions of the mortgage contract and this is not supportable.

Botein, P. J., Rabin and Steuer, JJ., concur in *Per Curiam* opinion; Eager, J., dissents in opinion in which Valente, J., concurs.

Order, entered on May 24, 1965, reversed, on the law, with $30 costs and disbursements to the appellant, and the motion denied.