Richard D. Simons, J.
This is a summary proceeding initiated by the petitioner and against the respondent in Justice’s Court, Town of Geddes, New York seeking rent due and a final order of eviction. It was transferred to Supreme Court pursuant to the Justice Court Act (art. 8, § 174).
The petition alleges that the petitioner is the owner in fee of the described premises and the landlord of the respondent, that the respondent is a month-to-month tenant and has been such since the date of petitioner’s purchase of premises May 4, 1965. It alleges an oral lease calling for the monthly rent of $110 and finally that the respondent has failed to pay the rent for the months of May through November, 1965 after demand duly made arid that there is a total due and owing to the petitioner of $770.
*1099 The answer denies the allegations generally. For an affirmative defense, respondent denies that the petitioner is the true owner of the real property. She seeks no affirmative relief.
It appears from the pleadings and the affidavits submitted that the premises were originally owned by the respondent and her husband, Carlton Dooley, as tenants by the entirety subject to a mortgage held by the G-eddes Savings and Loan Association.
In November of 1962, Carlton Dooley and the respondent were divorced. Pursuant to the terms of the decree, the respondent was given the right to reside in the premises with the children of the marriage and Carlton Dooley was ordered to pay the monthly mortgage payments and taxes on the property. The petitioner was the attorney for Carlton Dooley. In May of 1965, the property was sold at a public foreclosure sale to the petitioner, the sale being attended by the respondent and her attorney and Carlton Dooley as well.
The proceeding might be properly maintained under subdivision 5 of section 713 of the Beal Property Actions and Proceedings Law on the grounds that the petitioner is a purchaser at a foreclosure sale. However, the pleadings have elected to bring the case within the provisions of subdivision 2 of section 711 of the Beal Property Actions and Proceedings Law on the ground of nonpayment of rent. The distinction is material since the preliminary proceedings to recover the property differ, as does the proof upon trial.
Under section 711 of the Beal Property Actions and Proceedings Law it is incumbent upon the petitioner to show that the “conventional landlord-tenant relationship ” exists and denial of that relationship raises a question of fact for determination at trial. (Rasch, Landlord and Tenant and Summary Proceedings, § 1192; Lawyers Title & Guar. Co. v. Tausig, 149 Misc. 594. Cf., also, Milligan v. Gabbett, 101 Misc. 253.) Assuming a valid foreclosure action to which respondent was a party, that effectively terminated any possessory interest she had in the property absent a new agreement of tenancy. (United Security Corp. v. Suchman, 307 N. Y. 48.) The petitioner alleges such an agreement. It is incumbent upon him to prove the “ conventional landlord-tenant relationship ” and its breach in order to bring his case within the framework of his pleading.
Bespondent has properly raised a question of fact in that respect in her pleadings. She denies the tenancy and alleges that the petitioner is, in fact, not the owner of the real property but the nominee of her husband Carlton Dooley. She alleges *1100 in her affidavit that Carlton Dooley has professed to be the true owner of the real property in subsequent Family Court proceedings. The motion for summary eviction of the respondent is denied.
Section 701 of the Real Property Actions and Proceedings Law confers jurisdiction in summary proceedings on various courts, including Justices of the Peace. Although not enumerated in the statute, Supreme Court has concurrent jurisdiction in such matters as a court of general jurisdiction. That was recognized by the Committee on Practice and Procedure (Fourth Preliminary Report, N. Y. Legis. Doc., 1960, No. 20) although such jurisdiction was not spelled out in the statute so that there would be no encouragement “ to the bringing of these proceedings in the Supreme Court.” It has been recognized by the courts that summary proceedings should not be tried as a matter of practice in Supreme Court. (Antique & Period Furniture Co. v. Lassandro, 40 Misc 2d 635; Matter of 8505 Realty Corp. v. Weinberger, 41 Misc 2d 254.) The Justice’s Court apparently was proceeding on the assumption that the question of title was raised by the proceedings and, therefore, necessitated a transfer to this court under article 8 of the Justice Court Act. However, summary proceedings never determine the question of title. It involves only the question of possession, a matter of which Justice’s Court has jurisdiction. (Hoffman v. Hoffman, 212 App. Div. 531.) Article 8 of the Justice Court Act does not apply to summary proceedings. (People ex rel. Hill v. Kelsey, 82 Misc. 491.) The question of title can be raised only in an action, not in special proceedings.
In view of the question of respondent’s possession under the terms of the divorce decree and her assertions in respect to the ownership of the property by her husband, the parties may find it advisable to determine the matter in an equitable proceeding. In the absence of such an action, this summary proceeding is referred to Justice’s Court, Town of Geddes, for determination.