■ THIRD MADISON REALTY ASSOCIATES, Respondent, v RAMAPO RACQUETBALL ASSOCIATES, Also Known as RAMAPO RAQUETBALL ASSOCIATES, Appellant, et al., Defendants.—In an action to foreclose a mortgage on real property, the defendant Ramapo Racquetball Associates, also known as Ramapo Raquetball Associates (hereinafter Ramapo) appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Edelstein, J.), dated April 26, 1985, as denied its motion, *inter alia,* for an order removing the appointed receiver and his agents from the subject business premises, permitting the commencement of an action against the receiver for conversion, directing the receiver to file an interim accounting, and increasing the amount of the bond posted by the receiver from $50,000 to $1,000,000.

Ordered that the order is modified by deleting the provision thereof denying that branch of Ramapo's motion which was for an order removing the appointed receiver and his agents from the subject business premises and substituting therefor a provision granting that branch of Ramapo's motion. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A receiver has no right to possession of the mortgaged premises prior to a sale of the premises under a judgment of foreclosure and sale, unless the mortgage, by its terms, expressly gives the right to have a receiver appointed with authority to take possession of the premises from the mortgagor, or unless a receiver is given that authority for reasons extrinsic to the mortgage contract (*Holmes v Gravenhorst,* 263 NY 148, 155; *Carlin Trading Corp. v Bennett,* 24 AD2d 91).

Here, the mortgage included a clause entitling the mortgagee in the event of a foreclosure action "to the appointment of a receiver of the rents and profits of said premises and of the rental value of the portions". This provision does not expressly authorize the receiver to assume possession of the premises upon default. Neither are there any facts extrinsic to the mortgage to warrant the granting of such authority to the receiver. Absent these conditions, the mortgagor owner retains a vested right to possession of the mortgaged premises until the foreclosure sale (see, Holmes v Gravenhorst, supra, at p 155). We therefore conclude that the receiver improperly assumed possession of the business premises. The remainder of Ramapo's contentions, however, are without merit.

We have not considered the claims of error with respect to the appointment of the receiver inasmuch as the appeal from an order dated February 28, 1985, directing his appointment was dismissed by order of this court dated March 6, 1986. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.